| Option Contract | Strike Price | Loss Amount for Each Call Option | | | | | |
|---|---|---|---|---|---|---|---|
| | | Purchased Prior to April 15, 1998 That Either Expired or Was Sold Between April 16, 1998 and July 14, 1998 | Purchased Prior to April 15, 1998 That Either Expired or Was Sold Between July 15, 1998 and August 28, 1998 | Purchased Prior to April 15, 1998 That Either Expired or Was Sold After August 28, 1998 | Purchased Between April 16, 1998 and July 14, 1998 That Either Expired or Was Sold Between July 15, 1998 and August 28, 1998 | Purchased Between April 16, 1998 and July 14, 1998 That Either Expired or Was Sold After August 28, 1998 | Purchased Between July 15, 1998 and August 28, 1998 That Either Expired or Was Sold After August 28, 1998 |
| 11/98 | $35.00 | $ 4.26 | $ 4.56 | $ 4.56 | $ 0.30 | $ 0.30 | $ 0.00 |
| 11/98 | $30.00 | $ 7.00 | $ 7.72 | $ 7.73 | $ 0.73 | $ 0.73 | $ 0.01 |
| 11/98 | $27.50 | $ 8.45 | $ 9.56 | $ 9.58 | $ 1.11 | $ 1.13 | $ 0.02 |
| 11/98 | $25.00 | $ 9.79 | $11.44 | $11.48 | $ 1.65 | $ 1.69 | $ 0.04 |
| 11/98 | $22.50 | $10.84 | $13.23 | $13.32 | $ 2.39 | $ 2.48 | $ 0.09 |
| 11/98 | $20.00 | $11.54 | $14.84 | $15.04 | $ 3.30 | $ 3.50 | $ 0.20 |
| 11/98 | 17.50 | $11.89 | $16.22 | $16.62 | $ 4.33 | $ 4.73 | $ 0.40 |
| 11/98 | $15.00 | $12.01 | $17.32 | $18.02 | $ 5.31 | $ 6.01 | $ 0.70 |
| 11/98 | $12 50 | $12.04 | $18.08 | $19.10 | $ 6.04 | $ 7.07 | $ 1.02 |
| 2/99 | $20.00 | | | | | | $ 0.35 |
| 2/99 | $17.50 | | | | | | $ 0.53 |
| 2/99 | $15.00 | | | | | | $ 0.75 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
---------------------------------------x
                                       :
In re:                                 :        Master File No.
                                       :        98-1664 (WHW)
CENDANT CORPORATION                    :
LITIGATION                             :        This document relates to:
                                       :        All Actions Except the Prides Action (No. 98-2819)
---------------------------------------x
```

## PROOF OF CLAIM AND RELEASE

GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of Proposed Settlement of Class Action (the "Notice") and Plan of Allocation of Net Settlement Fund (the "Plan") that accompany this Proof of Claim and Release. The Notice and Plan describe the proposed Settlements, how Class Members are affected by them, and the manner in which the Settlement Fund will be distributed, if the Settlements and Plan are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim and Release. By signing and submitting the Proof of Claim and Release, you will be certifying that you have read and understood the Notice.

2.      IN ORDER TO PARTICIPATE IN THE SETTLEMENT, YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, BY FIRST-CLASS MAIL, POSTAGE PREPAID, POSTMARKED ON OR BEFORE _____, 2000, ADDRESSED TO

Cendant Corporation Securities Litigation
c/o Heffler, Radetich & Saitta, L.L.P.
P.O. Box _____
Philadelphia, Pennsylvania 19105-_____

3.     This Proof of Claim and Release is directed to: all persons and entities who purchased or otherwise acquired publicly traded securities (other than PRIDES) of either (i) Cendant Corporation ("Cendant") or (ii) CUC International, Inc. ("CUC"), including call options on Cendant common stock, during the period beginning May 31, 1995, through and including August 28, 1998, and who were injured thereby (the "Class"). Excluded from the Class are Defendants, members of the family of each of the Individual Defendants, any entity in which any defendant has a controlling interest, officers and directors of Cendant and its subsidiaries and affiliates, and the legal representatives, heirs, successors or assigns of any such excluded party. The relevant securities are:

-     Cendant and CUC common stock (whether purchased on the open market, acquired in exchange for shares of common stock of HFS Incorporated ("HFS") in connection with the merger between HFS and CUC that formed Cendant, or acquired in exchange for shares of other companies in acquisitions by Cendant or CUC);

-     Listed call options purchased for Cendant and CUC common stock;

-     Cendant 5 7/8% senior notes due December 15, 1998 ("5 7/8% Notes");

-     CUC (Cendant) 3% Convertible Subordinated Notes due 2002 ("3% Notes");

-     Cendant 4 ¾% Convertible Senior Notes due 2003 ("4 ¾% Notes").

The foregoing securities are collectively referred to herein as the "Subject Securities."

4.     "Class Member" means any person or entity who is a member of the Class, but excluding those persons or entities who submitted timely Requests for Exclusion in accordance with the procedures set forth in a previous Notice of Pendency of Class Action, dated October 8, 1999, which required requests for exclusion to be postmarked or delivered by hand no later than December 27, 1999, pursuant to Court Order of August 6, 1999.

2

5.    "Claimant" means the person or entity who submits a Proof of Claim and Release or on whose behalf a Proof of Claim and Release is submitted.

6.    IF YOU ARE NOT A CLASS MEMBER, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A PROOF OF CLAIM AND RELEASE. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENTS IF YOU ARE NOT A CLASS MEMBER. THUS, IF YOU FILED A REQUEST FOR EXCLUSION IN A TIMELY MANNER, ANY PROOF OF CLAIM AND RELEASE THAT YOU SUBMIT, OR WHICH MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

7.    To recover as a Class Member, you must complete and sign this Proof of Claim and Release and mail it to the Settlement Administrator on or before _____, 2000. If you fail to file a timely, properly addressed, and completed Proof of Claim and Release, your claim may be rejected and you may be precluded from receiving any distribution from the Settlement Fund.

8.    Submission of this Proof of Claim and Release does not ensure that you will share in the proceeds of the Settlement Fund. Distributions from the Settlement Fund are governed by the Plan of Allocation approved by the Court. The proposed Plan, which is subject to the Court's approval, is attached.

9.    If you have questions concerning the Proof of Claim and Release, or need additional copies of the Proof of Claim and Release or Notice, you may contact the Settlement Administrator, Heffler, Radetich & Saitta, L.L.P., at the above address or by toll-free phone at _____, or you can e-mail your inquiries through or download the documents from the Settlement Administrator's Internet web site, www.heffler.com.

3

10.     If you are a Class Member and you, or someone acting on your behalf, did not submit a timely Request for Exclusion, and if the Court approves the Settlement, you will be bound by the terms of any judgment that the Court enters, whether or not you submit a Proof of Claim and Release, including that part of the judgment that enjoins the filing or continued prosecution of Released Claims and that releases the Released Claims against the Released Parties, including those that are subject to pending lawsuits or arbitrations.

11.     **You are required to submit genuine and sufficient documentation for all your transactions in the Subject Securities during the Class Period from May 31, 1995 through and including August 28, 1998. In addition, you are required to submit genuine and sufficient documentation to show your holdings in the Subject Securities as of the opening period for each of the Subject Securities, as identified on the actual claim form, and as of April 15, 1998 and August 28, 1998.** This documentation may be photocopies of stockbrokers' confirmation slips; stockbrokers' monthly statements (reflecting your opening and closing balances for the months specified on the actual claim form, and in which transactions during the Class Period occurred); schedules attached to tax filings; or signed letters from brokers, on their letterheads, giving all the information that would be found on a confirmation slip. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR. FAILURE TO SUPPLY THIS DOCUMENTATION COULD RESULT IN REJECTION OR YOUR CLAIM. DO NOT SEND ORIGINAL STOCK CERTIFICATES.

12.     All joint purchasers must sign this Proof of Claim and Release.

13.    Agents, executors, administrators, guardians, and trustees must complete and sign the Proof of Claim and Release on behalf of persons represented by them and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Subject Securities; and

(c)    furnish herewith evidence of their authority to bind the person or entity on whose behalf they are acting to the Proof of Claim and Release.  (Authority to complete and sign a Proof of Claim and Release cannot be established by stockbrokers only demonstrating that they have discretionary authority to trade stock in another's accounts.)

14.    By submitting a signed Proof of Claim and Release, you will be swearing that you:

(a)    own(ed) the Subject Securities you have listed in the Proof of Claim and Release; or

(b)    are expressly authorized to act on behalf of the owner thereof.

15.    By submitting a signed Proof of Claim and Release, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

5

# PROOF OF CLAIM AND RELEASE

**This Proof of Claim and Release Must Be Postmarked by:**
_____ __, 2000

*Please print or type*

### Identity of Claimant

Name:

Address:

City:                                   State:                    Zip Code:

Country:

Telephone Number (Day):                 Telephone Number (Evening):

Name of Beneficial Owner (if different than Claimant):

Taxpayer Identification Number:
Social Securities Number:        **OR**    Employer Identification Number:

The Social Security (or Employer Identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide any of the foregoing information could delay verification or your claim or result in rejection of your claim.

Claimant is:

   Individual _____      Partnership _____      Joint Owners _____      Corporation _____

   IRA, Keogh or other type of Retirement Plan (specify type of plan): _____

   Other (specify): _____

For informational purposes only, you must also respond to the following questions:

Claimant was / was not (circle one) an officer, director or employee of Cendant Corporation or CUC International, Inc. at any time from May 31, 1995 through August 28, 1998.

If so, state position(s) held, and dates of employment or affiliation: _____

6

**INSERT TABLES FOR CLAIMANTS TO FILL IN HERE**

**YOU MUST READ THE FOLLOWING RELEASE AND SIGN ON PAGE ___.**

**RELEASE OF CLAIMS**

### Definitions

For the purpose of the Proof of Claim and Release, defined terms have the following meanings.  (Other defined terms have the meanings given them in the Notice.)

"Cendant" or the "Company" means Cendant Corporation, its successors, and its officers, directors, partners, employees, agents, parents, subsidiaries and affiliates.


"CUC" means CUC International, Inc. and its subsidiaries prior to its merger with HFS Incorporated that formed Cendant.

"E&Y" means Ernst & Young LLP and its past, present and future parent entities, affiliates, subsidiaries, predecessors and successors (including, without limitation, Cap Gemini S.A. if and when the Transaction closes), and each of their assigns, insurers, partners, employees, agents, attorneys, counsel, trustees, and administrators, as well as the insurers, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, families, and spouses of each of their partners, employees and agents.

"Effective Date" means the first day following the date on which the Judgment  is finally affirmed on appeal  and/or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

"HFS" means HFS Incorporated and its subsidiaries prior to its merger with CUC that formed Cendant.

"Individual Defendants" means, collectively, the individuals named as defendants in the Litigation, specifically: Walter A. Forbes, E. Kirk Shelton, Christopher K. McLeod, Cosmo

8

Corigliano, Anne M. Pember, Burton C. Perfit, T. Barnes Donnelley, Stephen A. Greyser, Kenneth A. Williams, Bartlett Burnap, Robert P. Rittereiser, Stanley M. Rumbough, Jr., Henry R. Silverman, John D. Snodgrass, Michael P. Monaco, James E. Buckman, Scott E. Forbes, Steven P. Holmes, Robert D. Kunisch, Leonard S. Coleman, Christel DeHaan, Martin L. Edelman, Brian Mulroney, Robert E. Nederlander, Robert W. Pittman, E. John Rosenwald, Jr., Leonard Schutzman and Robert F. Smith.

"Judgment" means the Order or Orders entered by the Court if and upon approval of the Settlements, dismissing the Litigation with prejudice and without costs (except to the extent awarded by the Court) to any party, releasing all Released Claims as against the Released Parties, and enjoining Class Members from instituting, continuing or prosecuting any action asserting any Release Claims against any Released Party.

"Released Claims" means any and all claims, actions and causes of action in law or equity, suits, obligations, debts, demands, agreements, promises, liabilities, controversies, damages, losses, attorneys' fees, costs or expenses of any kind whatsoever, whether based on common law or on any federal or state statute, rule, regulation, or other law or right of action, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued, suspected or unsuspected, fixed or contingent, and whether or not concealed or hidden, that are based upon, are related to, arise from, or are connected with the purchase, acquisition, sale or disposition of CUC, HFS or Cendant publicly-traded securities, including call options on Cendant common stock, except PRIDES investment units, during the Class Period, including, without any limitation upon the generality and scope of the foregoing, and simply in order to describe the foregoing, that are based upon or related to any facts, circumstances, statements, omissions, events or other matters raised or referred to in the pleadings in the Action or which

9

could have been asserted against Cendant, the Individual Defendants, E&Y and the other Released Parties, including, but not limited to any of the following: (i) the claims, actions or causes of action arising out of or in any way based upon, connected with or related to any prospectus, registration statement, proxy statement, annual report, quarterly earnings report, press release or other publicly disseminated documents and public statements of Cendant, CUC or HFS during or relating to the period May 31, 1995 through and including August 28, 1998, (ii) any disclosures, statements, representations, actions, events, omissions or failures to act of E&Y (including issuance of audit opinions, review reports and comfort letters, the provision of any other services to the Company during or relating to the Class Period, or relating to the Company's financial statements during or relating to the Class Period); or (iii) the transactions, events, occurrences, acts or omissions related directly or indirectly to or arising out of the subject matters referred to or set forth in the Complaint in the Litigation, or facts and claims for relief which could have been alleged or litigated therein. Class Members also specifically waive the benefit of the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTION OF THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR." Class Members acknowledge the significance and consequence of this waiver of the provision of Section 1542, waive the provisions and protections of Section 1542, assume full responsibility for any loss that may be incurred by reason of such waiver, and hereby release unknown and unsuspected claims. However, "Released Claims" shall not be construed to mean any claim brought, or that could

have been brought, by or on behalf of purchasers of the PRIDES investment units as such claims relate to the purchase or acquisition of PRIDES investment units.

"Released Parties" means: (a) Cendant and Cendant's parent entities, affiliates, subsidiaries, predecessors (including CUC), successors or assigns, and each of its past, present or future officers, directors, associates, stockholders, controlling persons, representatives, employees, attorneys, accountants, underwriters, financial or investment advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates or administrators; (b) the Individual Defendants; and (c) E&Y.

## The Release

Without further action by anyone, on and after the Effective Date, each Class Member, including Class Members who are parties to any other actions, arbitrations, or other proceedings against any of the Defendants that are pending on the Effective Date, on behalf of themselves, their heirs, executors, administrators, successors, assigns, and any person they represent, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Judgment shall have fully, finally, and forever released relinquished, settled and discharged all Released Claims against each and every one of the Released Parties, including such Released Claims as already may have been asserted in any pending actions, arbitrations, or other proceedings, and whether or not a Proof of Claim and Release is executed and delivered by, or on behalf of, such Class Member; *provided, however*, that nothing in the Judgment shall bar any action or claim to enforce the terms of the Stipulation of Settlement with Cendant Corporation and the HFS Individual Defendants, the Stipulation of Settlement with Ernst & Young LLP, or the Judgment.

## Signature and Certification

By signing and submitting this Proof of Claim and Release, the Claimant or the person who represents the Claimant certifies, as follows:

1.     that the Claimant is a Class Member, as defined in the Notice;

2.     that I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

3.     that I (we) are not acting for any of the Defendants, nor am I (are we) such a Defendant or otherwise excluded from the Class;

4.     that I (we) have not filed a Request for Exclusion from the Class and that I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Subject Securities;

5.     that I (we) own(ed) the Subject Securities identified in the Proof of Claim and Release, or that, in signing and submitting this Proof of Claim and Release, I (we) have the authority to act on behalf of the owner(s) thereof;

6.     that Claimant may be entitled to receive a distribution from the Net Settlement Fund;

7.     that Claimant desires to participate in the Settlement described in the Notice and agrees to the terms and conditions thereof;

8.     that I (we) submit to the jurisdiction of the United States District Court for the District of New Jersey for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

9.     that I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the parties or the Court may require; and

10.    that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim and Release.

I declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim and Release are true and correct and that the documents submitted herewith are true and genuine.

Signature of Claimant                                          Date

12

Print the name of Claimant

Signature of Joint Claimant, if any

Print the name of Joint Claimant

If Claimant is other than an individual, or if Claimant is not the person completing this form, the following also must be provided:

Signature of person completing form                    Date

Print the name of the person completing the form

Capacity of person signing

**PLEASE GO TO PAGE ____ AND COMPLETE AND SIGN THE SUBSTITUTE FORM W-9.**

13

## REMINDER CHECKLIST

1.     Please sign <u>both</u> the Proof of Claim and Release on page __ and the Substitute Form W-9 on page __.

2.     If this claim is being made on behalf of joint claimants, then both must sign.

3.     Please remember to attach supporting documents.  **These must include documentation of: (a) all opening balances, as set forth in the specific claims forms; (b) all purchases and sales of the Subject Securities during the Class Period from May 31, 1995 through August 28, 1998; and (c) all holdings of the Subject Securities as of April 15, 1998 and August 28, 1998.**

4.     If you move, please send us your new address.

5.     DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

6.     Keep a copy of your Proof of Claim and Release and all documentation submitted for your records.

7.     You will <u>not</u> receive confirmation that your Proof of Claim and Release have been received <u>unless</u> you send it via Certified Mail, Return Receipt Requested or by some other means which provide you with proof of receipt.

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME, POSSIBLY UP TO ONE YEAR FROM THE DATE THAT PROOF OF CLAIM AND RELEASE FORMS ARE DUE TO BE FILED.**

**THANK YOU FOR YOUR PATIENCE**

**B. Cendant Common Stock Acquired Through CUC/HFS Merger**

1. On December 17, 1997, I held _____ shares of HFS, Inc. common stock. If none, state "NONE."

2. Number of shares of Cendant common stock acquired through exchange of HFS, Inc. common stock. If none, state "NONE." _____

3. List all sales of Cendant common stock acquired through exchange of HFS, Inc. common stock from December 18, 1997 through and including August 28, 1998. If none, state "NONE."

| Date of Sale (Mo./Day/Yr.) | Number of Shares | Sale Price Per Share | Total Sale Price (Excluding Taxes, Commissions, etc.) |
|---|---|---|---|
| 1. | | $ | $ |
| 2. | | $ | $ |
| 3. | | $ | $ |
| 4. | | $ | $ |

4. Number of shares of Cendant common stock acquired through exchange of HFS, Inc. common stock held as of the close of business on:

April 15, 1998:  If none, state "NONE." _____

August 28, 1998:  If none, state "NONE." _____

## C. Cendant or CUC Common Stock Acquired Through Other Acquisitions (per Plan of Allocation, Section IV.B.2)

1. I held _____ shares of common stock in a company acquired by CUC prior to the merger with HFS to form Cendant, as of the effective date of the acquisition of the company by CUC. If applicable, specify company acquired: _____; and effective date of acquisition: _____. If none, state "NONE."  _____

2. Number of shares of Cendant or CUC common stock acquired through exchange of acquired company's common stock. If none, state "NONE."

3. List all sales of Cendant or CUC common stock acquired through exchange of other company's common stock from effective date of acquisition through and including August 28, 1998. If none, state "NONE."  _____

| Date of Sale (Mo./Day/Yr.) | Number of Shares | Sale Price Per Share | Total Sale Price (Excluding Taxes, Commissions, etc.) |
|---|---|---|---|
| 1. | | $ | $ |
| 2. | | $ | $ |
| 3. | | $ | $ |
| 4. | | $ | $ |

4. Number of shares of Cendant common stock acquired through exchange of other company's common stock held as of the close of business on:

April 15, 1998: _____   If none, state "NONE."

August 28, 1998: _____   If none, state "NONE."

D. **Cendant (HFS) 5 7/8% Senior Notes due December 15, 1998 ("5 7/8% Notes")**

1. On December 17, 1997, I held _____ face amount of 5 7/8% Notes.  If none, state "NONE."  _____

2. List all purchases of 5 7/8% Notes from December 18, 1997 through and including August 28, 1998.  If none, state "NONE." _____

| Date of Purchase (Mo./Day/Yr.) | Face Amount of Notes | Purchase Price Per $1,000 Face Amount | Total Purchase Price (Excluding Taxes, Commissions, Interest, etc.) |
|---|---|---|---|
| 1. | $ | $ | $ |
| 2. | $ | $ | $ |
| 3. | $ | $ | $ |
| 4. | $ | $ | $ |

3. List all sales of 5 7/8% Notes from December 18, 1997 through and including August 28, 1998.  If none, state "NONE." _____

| Date of Sale (Mo./Day/Yr.) | Face Amount of Notes | Sale Price Per $1,000 Face Amount | Total Sale Price (Excluding Taxes, Commissions, Interest, etc.) |
|---|---|---|---|
| 1. | $ | $ | $ |
| 2. | $ | $ | $ |
| 3. | $ | $ | $ |
| 4. | $ | $ | $ |

4. Face amount of 5 7/8% Notes held as of the close of business on:

April 15, 1998:        If none, state "NONE." _____

August 28, 1998:       If none, state "NONE." _____

**E.  CUC (Cendant) 3% Convertible Subordinated Notes due 2002 ("3% Notes")**

1.  List all purchases of 3% Notes during the Class Period from September 19, 1997 (the day the Registration Statement for 3% Notes became effective, and the 3% Notes could trade publicly) through and including August 28, 1998.  If none, state "NONE." _____

| Date of Purchase (Mo./Day/Yr.) | Face Amount of Notes | Purchase Price Per $1,000 Face Amount | Total Purchase Price (Excluding Taxes, Commissions, Interest, etc.) |
|---|---|---|---|
| 1. | $ | $ | $ |
| 2. | $ | $ | $ |
| 3. | $ | $ | $ |
| 4. | $ | $ | $ |

2.  List all sales of 3% Notes during the Class Period from December 2, 1996 through and including August 28, 1998.  If none, state "NONE." _____

| Date of Sale (Mo./Day/Yr.) | Face Amount of Notes | Sale Price Per $1,000 Face Amount | Total Sale Price (Excluding Taxes, Commissions, Interest, etc.) |
|---|---|---|---|
| 1. | $ | $ | $ |
| 2. | $ | $ | $ |
| 3. | $ | $ | $ |
| 4. | $ | $ | $ |

3.  Face amount of 3% Notes held as of the close of business on:

April 15, 1998:              If none, state "NONE." _____

August 28, 1998:              If none, state "NONE." _____

**G.**   **Cendant Call Options**

1.   List all call options on Cendant common stock open as of the close of business on April 15, 1998.  If none, state "NONE."

| Number of Calls Owned | Month/Strike Price of Call | Purchase Price Per Call | Date Purchased (Mo./Day/Yr.) |
|---|---|---|---|
| 1. | $ | $ | |
| 2. | $ | $ | |
| 3. | $ | $ | |
| 4. | $ | $ | |

2.   Purchases of Calls:  List all call options on Cendant common stock which you purchased from April 16, 1998 through and including August 28, 1998.  If none were purchased, state "NONE."

| Date of Purchase (Mo./Day/Yr.) | Month/Strike Price of Call Purchased | Number of Calls Purchased | Purchase Price Per Call | Total Purchase Price (Excluding Taxes, Commissions, etc.) |
|---|---|---|---|---|
| 1. | $ | | $ | $ |
| 2. | $ | | $ | $ |
| 3. | $ | | $ | $ |
| 4. | $ | | $ | $ |

3.   Sales of Calls:  List all call options on Cendant common stock which you sold from April 16, 1998 through and including August 28, 1998, inclusive.  If none were sold, state "NONE."

| Date of Sale (Mo./Day/Yr.) | Month/Strike Price of Call Sold | Number of Calls Sold | Sale Price Per Call | Total Sale Price (Excluding Taxes, Commissions, etc.) |
|---|---|---|---|---|
| 1. | $ | | $ | $ |
| 2. | $ | | $ | $ |
| 3. | $ | | $ | $ |
| 4. | $ | | $ | $ |

4. Exercised Calls: List the number of call options on Cendant common stock which you exercised from April 16, 1998 through and including August 28, 1998. If none were exercised, state "NONE." _____

| Number of Calls | Date Exercised (Mo./Day/Yr.) | Month/Strike Price of Call |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |
| 4. | | $ |

5. Expired Calls: List the number of call options on Cendant common stock that expired in the April 1998 Option Cycles or thereafter. If none expired, state "NONE." _____

| Number of Calls | Date Expired (Mo./Day/Yr.) | Month/Strike Price of Call |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |
| 4. | | $ |

6. Unsold/Unexpired Calls: List the number of unsold/unexpired call options on Cendant common stock which were open subsequent to the April 1998 Option Cycles through and including August 28, 1998. If none were open, state "NONE." _____

| Number of Calls | Month/Strike Price of Unsold/Unexpired Calls | Check if Open as of Close of July 14, 1998 |
|---|---|---|
| 1. | $ | |
| 2. | $ | |
| 3. | $ | |
| 4. | $ | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------x
                  :

In re:                  :    Master File No.
                  :    98-1664 (WHW)

CENDANT CORPORATION     :

LITIGATION           :    This document relates to:
                  :    All Actions Except the Prides Action (No. 98-2819)

-------------------------------------------x

*3*

## SUMMARY NOTICE OF SETTLEMENT

**TO:       ALL PERSONS AND ENTITIES WHO PURCHASED OR
            OTHERWISE ACQUIRED PUBLICLY TRADED SECURI-
            TIES (OTHER THAN PRIDES) OF EITHER (i) CENDANT
            CORPORATION OR (ii) CUC INTERNATIONAL, INC., OR
            WHO PURCHASED OR ACQUIRED CALL OPTIONS ON
            CENDANT COMMON STOCK, DURING THE PERIOD
            BEGINNING MAY 31, 1995, THROUGH AND INCLUDING
            AUGUST 28, 1998, AND WHO WERE INJURED THEREBY
            (THE "CLASS")**

This Summary Notice is given pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order by the United States District Court for the District of New Jersey (the

"Court"), dated _____, 2000.

The purpose of this Notice is to inform you of two separate proposed settlements that

together will resolve all claims of the plaintiffs and Class Members against all defendants in this

action: One proposed settlement is with Cendant Corporation ("Cendant") and certain present and

former officers of Cendant and HFS Incorporated (the "HFS Individual Defendants"); the other is

with Ernst & Young LLP ("E&Y"). These two proposed settlements (collectively, the "Settle-

ments") are separate and independent. The Settlements will create a settlement fund that totals

$3,186,500,000 in cash plus interest. The settlement with Cendant and the HFS Individual

Defendants (the "Cendant Settlement") includes a payment for the Class of $2,851,500,000 in cash,

and the settlement with E&Y (the "E&Y Settlement") includes a payment for the Class of $335,000,000 in cash. As part of the Cendant Settlement, the Class also will receive one-half of any net recovery that Cendant or the HFS Individual Defendants may obtain from E&Y as a result of their continuing litigation against E&Y. Also, as part of the Cendant Settlement, Cendant has agreed to certain corporate governance changes, which Lead Plaintiffs believe are significant, including adopting a specific definition for who may qualify as an "independent director"; requiring Cendant's Board of Directors to have a majority of independent directors; requiring the Audit, Compensation and Nominating Committees to consist entirely of independent directors (at least one member of the Audit Committee must have accounting or financial management expertise); precluding the re-pricing of employee stock options under most conditions without a vote of shareholders; and not objecting to a declassification of its Board of Directors. The proposed settlements resolve all claims, rights, causes of action, suits, matters and issues, whether known or unknown, whether asserted or unasserted, arising out of or related to the subject matters of the Action or claims asserted by or on behalf of plaintiffs or any Class Member, whether individual or class-wide, against any one of the foregoing parties. If approved, the Settlements will resolve all of the claims that Class Members brought or could have brought in this Class Action completely. Details of the Settlements and the allocation of Settlement Funds to Class Members can be found in the Notice of Settlement and the Plan of Allocation attached thereto.

A hearing will be held by the Court on _____, 2000 at ____ _.m., in the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Courthouse, Courtroom 4D, 50 Walnut Street, Newark, New Jersey 07101 for the purpose of separately considering:

2

a.     Whether a Judgment should be entered (1) approving the Cendant Settlement as fair, reasonable and adequate; (2) dismissing the claims of Class Members with prejudice against Cendant and the Individual Defendants (as defined in the Notice of Settlement); and (3) barring all Class Members from prosecuting, pursuing, or litigating any of the Released Claims against Cendant and any of the Individual Defendants;

b.     Whether a Judgment should be entered (1) approving the E&Y Settlement as fair, reasonable and adequate; (2) dismissing the claims of Class Members with prejudice against E&Y; and (3) barring all Class Members from prosecuting, pursuing, or litigating any of the Released Claims against E&Y;

c.     Whether the proposed Plan of Allocation should be approved as fair, reasonable and adequate; and

d.     Whether to approve Lead Counsel's application for attorneys' fees and payment of costs and expenses.

If you purchased or otherwise acquired CUC International, Inc. or Cendant Corporation publicly-traded securities (including call options on Cendant common stock), except PRIDES investment units, between May 31, 1995 and August 28, 1998, inclusive, and were injured thereby, you may be a Class Member. Your rights against the Released Parties (as defined in the Notice of Settlement) will be affected by the Settlements. Further, if you wish to share in the distribution of the proceeds of the Settlements, you must timely file a valid claim, on a Proof of Claim form, no later than _____, 2000 establishing that you are entitled to recovery. **PLEASE NOTE:  IF YOU FAIL TO FILE A PROPER PROOF OF CLAIM FORM, YOU**

3

**WILL NOT SHARE IN THE SETTLEMENTS, BUT YOU WILL BE BOUND BY THE FINAL JUDGMENTS OF THE COURT AND YOU WILL BE ENJOINED FROM ASSERTING THE RELEASED CLAIMS AGAINST THE RELEASED PARTIES.** If you have not already received a copy of the Notice, or a copy of the Proof of Claim form, you may obtain such information by contacting:

> In re Cendant Corporation Litigation
> Claims Administration
> P.O. Box 510
> Philadelphia, Pennsylvania 19105-0510
> (800) 379-6239
> www.heffler.com

or Lead Counsel for the Class:

| | |
|---|---|
| Leonard Barrack, Esq. | Max W. Berger, Esq. |
| Gerald J. Rodos, Esq. | Daniel L. Berger, Esq. |
| Jeffrey W. Golan, Esq. | Jeffrey N. Leibell, Esq. |
| Leslie B. Molder, Esq. | Bernstein Litowitz Berger & |
| Barrack, Rodos & Bacine | Grossmann LLP |
| 3300 Two Commerce Square | 1285 Avenue of the Americas |
| 2001 Market Street | New York, NY  10019 |
| Philadelphia, PA  19103 | (212) 554-1400 |
| (215) 963-0600 | |

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.

DATED: _____, 2000

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY