**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ———————————————— | : | |
| IN RE: CENDANT CORPORATION | : | Master File No. 98-CV-1664 (WHW) |
| SECURITIES LITIGATION | : | |
| | : | **OPINION** |
| ————————————————: | | |
| | : | |
| This document Relates to: Reliant Trading, | : | |
| et al. v. Cendant Corp. et al. | : | No. 98-CV-0381 (E.D. Wisc) |
| ———————————————— | : | |
| | : | |
| Kennilworth Partners LP, et al. v. Cendant | : | |
| Corp., et al. | : | No. 98-CV-0759 (WHW) |
| ————————————————: | | |

**Walls, Senior District Judge**

Presently before the Court is Cendant Corp.'s ("Cendant") limited motion for reconsideration of this court's opinion and order dated December 21, 2005 denying Cendant's Cross-Motions for Judgment on the Pleadings dismissing Count II (Breach of Contract) of Kennilworth Partners L.P., Soundshore Partners L.P. and Soundshore Holdings Ltd.'s (collectively "Kennilworth Plaintiffs") Second Amended Complaint and Count III (Breach of Contract) of Reliant Trading and Shephard Trading Ltd.'s (collectively "Reliant Plaintiffs") Amended Complaint. The motion, decided without oral argument pursuant to Fed.R.Civ.P. 78, is denied.

**PROCEDURAL BACKGROUND**

The Court assumes the parties' familiarly with the facts of this case and refers them to its December 21, 2005 decision for elaboration. See In re Cendant Corp., 2005 WL 3500037 (D.N.J. Dec. 21, 2005). On April 25, 2005 the Court granted Kennilworth and Reliant Plaintiffs

NOT FOR PUBLICATION

(collectively "Plaintiffs") permission to file motions for summary judgment.  Plaintiffs filed their

respective motions on May 6, 2005.  Cendant filed opposition on June 15, 2005 as well as

asserting a cross-motion for judgment on the pleadings to dismiss the breach of contract claim.[1]

Reply briefs and opposition to Cendant's cross-motion were filed on July 1, 2005.  Cendant filed

a reply brief limited to its cross-motion on July 8, 2005.  The Court heard oral argument on all of

the motions on September 26, 2005, and entered an opinion and order on December 21, 2005

which denied all parties' pending motions.  Cendant moves for limited reconsideration, pursuant

to L.Civ.R. 7.1(i), of the Court's decision and order denying its Cross-Claim for Judgement on

the Pleadings with regard to Plaintiffs' contract claims.

**STANDARD**

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within ten

days of its entry.  Similarly, L. Civ. R. 7.1(i) allows a party to seek a motion for reconsideration

of  "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has

overlooked."  The Third Circuit has held that the "purpose of a motion for reconsideration . . . is

to correct manifest errors of law or fact or to present newly discovered evidence."  Max's

Seafood Cafe ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco

Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotes omitted).  Reconsideration

---

[1]  Cendant notes that the Court incorrectly characterized its original motion as a cross-
claim for summary judgment, and thus applied the wrong legal standard as judgement on the
pleadings are governed by the standard on a motion to dismiss pursuant to Rule 12(b)(6).  On
reconsideration, the Court notes that while it did apply the wrong legal standard in its previous
opinion, applying the less stringent standard on a motion to dismiss should still result in denial of
Cendant's motion as discussed below.

NOT FOR PUBLICATION

motions, however, may not be used to relitigate old matters, nor to raise arguments or present

evidence that could have been raised before the entry of judgment.  11 Charles A. Wright, Arthur

R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995).  "A party

seeking reconsideration must show more than a disagreement with the Court's decision, and

recapitulation of the cases and arguments considered by the court before rendering its original

decision fails to carry the moving party's burden."  Gutierrez v. Ashcroft, 289 F. Supp. 2d 555,

561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  Such

motions will only be granted where (1) an intervening change in the law has occurred, (2) new

evidence not previously available has emerged, or (3) the need to correct a clear error of law or

prevent a manifest injustice arises.  North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194,

1218 (3d Cir. 1995).  Because reconsideration of a judgment after its entry is an extraordinary

remedy, requests pursuant to these rules are to be granted "sparingly," Yurecko v. Port Auth.

Trans-Hudson Corp.  279 F. Supp. 2d 606, 608 (D.N.J. 2003); NL Indus. Inc. v. Commercial

Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996), and only when "dispositive factual matters

or controlling decisions of law" were brought to the court's attention but not considered.

Yurecko, 279 F. Supp. 2d at 609; Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J.

1987).

## DISCUSSION

At the heart of Cendant's motion for reconsideration is the contention that this Court

erred when it stated that "[t]he parties do not dispute that plaintiffs seek a return of principal and

interest on the bonds had they not been redeemed."   In re Cendant Corp., 2005 WL 3500037, at

NOT FOR PUBLICATION

*9.  Cendant notes that it did in fact contest this point.  Cendant contends that it had argued that Plaintiffs' were seeking *equivalent* damages to principal and interest that had nothing to do with their actual rights to seek principal and interest following redemption.  Cendant argues that the Court overlooked this argument in denying its motion.

Contrary to Cendant's assertions, this Court did address the scope of the damages sought under Section 508 of the Indenture, and rejected the notion that the plain language of Section 508 was limited to actions in default.  In examining the scope of Section 508 of the Indenture,[2] the Court explicitly noted that "New York case law is clear that absent an explicit provision limiting the 'no-action' clause exception to suits for **unpaid** principal and interest, the Indenture is to be interpreted to give effect to the clear language of the document to determine whether plaintiffs' suits are barred."  In re Cendant Corp., 2005 WL 3500037, at *10 (citing Continental Casualty Co. v. State of New York Mortgage Agency, 1998 WL 513054 (S.D.N.Y. Aug. 18, 1998)) (emphasis added).  Cendant interprets the Court's later statement that the Indenture provided the Plaintiffs with right to receive principal and interest and institute suit for "enforcement of that right," id., was a recognition that any suit must be limited to claims that Cendant defaulted on any previous obligation to pay principal or interest.  However, as the Court made clear in the quoted language above, without an explicit clause limiting suits to those involving unpaid principal and interest, Plaintiff's claims properly fell within the Indenture's exception, regardless

---

[2]  "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

**NOT FOR PUBLICATION**

of the form of the claim.  Cendant's request for reconsideration on this point merely amounts to a disagreement with the Court over its interpretation of the scope of Section 508 of the Indenture and is not properly made by this motion.

Similarly, Cendant claims that the Court failed to consider its argument that Plaintiffs did not seek a measure of damages equivalent to a return of principal and interest.  However, as noted by Plaintiffs' opposition, any characterization of the damages sought under Section 508 are simply irrelevant to the question of whether Plaintiffs have standing to allege a breach of contract claim.  Cendant takes great pains to distinguish the interest owed on the original note, with the interest allegedly sought by Plaintiffs, including prejudgement interest and 9% New York statutory interest rate.  However, this does not change the fact that Plaintiffs seek payment on the principal owed on the original bond less the value of stock received in the redemption. Plaintiffs' right to seek damages of this kind clearly falls within the statutory prescriptions of Section 508 and is sufficient to defeat Cendant's motion for judgment on the pleadings.

<u>**CONCLUSION**</u>

Cendant's motion for reconsideration of this Court's December 21, 2005 opinion and order is denied.

s/ Williams H. Walls
**William H. Walls, U.S.D.J.**