Samuel Kadet
Joseph N. Sacca
William F. Clarke, Jr.
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Carl Greenberg
BUDD LARNER, P.C.
150 John F. Kennedy Parkway, CN 1000
Short Hills, New Jersey 07078-0999
(973) 379-4800

*Attorneys for Defendant Cendant Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    **Document Electronically Filed**

IN RE: CENDANT CORPORATION
LITIGATION

:    Master File No. 98-1664(WHW)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:                                          :

JONATHAN BOCK, et al., v. CENDANT
CORPORATION, et al., 00-CV-3328 (WHW)        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## CENDANT CORPORATION TO THE SECOND AMENDED COMPLAINT

Defendant Cendant Corporation, now known as Avis Budget Group, Inc.

("Cendant"), by way of answer to the Second Amended Complaint for Damages dated

January 26, 2007 (the "Complaint"), states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1 of the Complaint, except admits that Sierra

On-Line is not named as a defendant in this action.

2.      Denies the allegations contained in Paragraph 2 of the Complaint, except admits that the common stock of Sierra On-Line was traded on the Nasdaq National Market.

3.      Denies the allegations contained in Paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, except states that to the extent the allegations contained in Paragraph 4 purport to impute knowledge or actions of individuals to Cendant, the allegations are denied; to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC International Inc. ("CUC") and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 4 sets forth legal conclusions, no response thereto is required.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, except states that to the extent the allegations contained in Paragraph 5 of the Complaint purport to impute knowledge or actions of individuals to Cendant, the allegations are denied; to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; admits that on and after April 15, 1998 Cendant issued certain press releases concerning certain accounting irregularities and refers to such press releases for a complete and accurate statement of their contents; admits that the closing price per share of Cendant common stock

on the New York Stock Exchange dropped $16.56 (or 46.5%) from April 15, 1998 to April 16, 1998; and that to the extent that Paragraph 5 of the Complaint sets forth legal conclusions, no response thereto is required.

6.      Denies the allegations contained in Paragraph 6 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in Paragraph 6, and admits that on or about January 12, 1999 Cendant sold all of the outstanding shares of capital stock of Sierra On-Line to Havas S.A..

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence in Paragraph 7 of the Complaint and admits the allegations contained in the first and second sentences of Paragraph 7 of the Complaint.

8.      Denies the allegations contained in Paragraph 8 of the Complaint, except admits that plaintiffs purport to base jurisdiction on the statutory provisions referenced in Paragraph 8 of the Complaint, and states that to the extent that Paragraph 8 of the Complaint sets forth legal conclusions, no response thereto is required.

9.      Denies the allegations contained in Paragraph 9 of the Complaint, except admits that the federal claims asserted in the Complaint are purportedly brought under Sections 11, 12 and 22 of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, and states that to the extent that Paragraph 9 of the Complaint sets forth legal conclusions, no response thereto is required.

10.     Denies the allegations contained in Paragraph 10 of the Complaint, except states that to the extent that Paragraph 10 of the Complaint sets forth legal conclusions, no response thereto is required.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, except admits that plaintiffs purport to base jurisdiction on the statutory provision referenced in Paragraph 11 of the Complaint, and states that to the extent that Paragraph 11 of the Complaint sets forth legal conclusions, no response thereto is required.

12.     Denies the allegations contained in Paragraph 12 of the Complaint, except admits that plaintiffs purport to base venue on the statutory provisions referenced in Paragraph 12 of the Complaint, and states that to the extent that Paragraph 12 of the Complaint sets forth legal conclusions, no response thereto is required.

13.     Denies the allegations contained in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 18 of the Complaint, except admits that

4

plaintiff Brochu entered into an employment agreement with Sierra On-Line and that the employment agreement was amended, and refers to the employments agreement and amendment thereto for a complete and accurate statement of their contents.

19.    Paragraph 19 of the Complaint was "intentionally omitted."

20.    Paragraph 20 of the Complaint was "intentionally omitted."

21.    Paragraph 21 of the Complaint was "intentionally omitted."

22.    Paragraph 22 of the Complaint was "intentionally omitted."

23.    Paragraph 23 of the Complaint was "intentionally omitted."

24.    Paragraph 24 of the Complaint was "intentionally omitted."

25.    Paragraph 25 of the Complaint was "intentionally omitted."

26.    Paragraph 26 of the Complaint was "intentionally omitted."

27.    Paragraph 27 of the Complaint was "intentionally omitted."

28.    Paragraph 28 of the Complaint was "intentionally omitted."

29.    Paragraph 29 of the Complaint was "intentionally omitted."

30.    Paragraph 30 of the Complaint was "intentionally omitted."

31.    Paragraph 31 of the Complaint was "intentionally omitted."

32.    Paragraph 32 of the Complaint was "intentionally omitted."

33.    Paragraph 33 of the Complaint was "intentionally omitted."

34.    Paragraph 34 of the Complaint was "intentionally omitted."

35.    Paragraph 35 of the Complaint was "intentionally omitted."

36.    Paragraph 36 of the Complaint was "intentionally omitted."

37.    Paragraph 37 of the Complaint was "intentionally omitted."

38.    Paragraph 38 of the Complaint was "intentionally omitted."

39.    Paragraph 39 of the Complaint was "intentionally omitted."

40.    Paragraph 40 of the Complaint was "intentionally omitted."

41.    Paragraph 41 of the Complaint was "intentionally omitted."

42.    Denies the allegations contained in Paragraph 42 of the Complaint, except admits that CUC was a Delaware corporation, CUC common stock traded on the New York Stock Exchange under the symbol "CU" and prior to its acquisition of Sierra On-Line, CUC had more than 260 million outstanding shares of common stock, and states that to the extent the allegations contained in Paragraph 42 of the Complaint set forth legal conclusions, no response thereto is required.

43.    Denies the allegations in Paragraph 43 of the Complaint, except admits that Cendant is the product of a December 1997 merger of HFS Incorporated ("HFS") with and into CUC.

44.    Denies the allegations in Paragraph 44 of the Complaint, except admits that CUC was a leading membership-based, consumer services company that provided access to travel, shopping, auto, dining, timeshare exchange, financial, and other services.

45.    Denies the allegations in Paragraph 45 of the Complaint, except admits that Cendant is the product of a December 1997 merger of HFS with and into CUC.

46.    Denies the allegations contained in the Paragraph 46 of the Complaint, except admits that Cendant is a Delaware corporation with its principal executive offices in Parsippany, New Jersey, that it was one of the world's premier provider of consumer and business services and that shares of its common stock were actively traded on the New York Stock Exchange under the symbol "CD," and states that to the extent that Paragraph 46 of the Complaint sets forth legal conclusions, no response thereto is required.

6

47.     Paragraph 47 of the Complaint was "intentionally omitted."

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and refers to the "plans" for a complete and accurate statement of their contents.

50.     Denies the allegations contained in Paragraph 50 of the Complaint, and refers to the plans for a complete and accurate statement of their contents.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and refers to the 1987 Stock Option Plan for a complete and accurate statement of its contents.

52.     Denies the allegations contained in Paragraph 52 of the Complaint, and refers to the 1987 Stock Option Plan for a complete and accurate statement of its contents.

53.     Denies the allegations contained in Paragraph 53 of the Complaint, and refers to the 1987 Stock Option Plan for a complete and accurate statement of its contents.

54.     Denies the allegations contained in Paragraph 54 of the Complaint, and refers to the 1987 Stock Option Plan for a complete and accurate statement of its contents.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and refers to the 1995 Stock Option Plan for a complete and accurate statement of its contents.

56.     Denies the allegations contained in Paragraph 56 of the Complaint, and refers to the 1995 Stock Option Plan for a complete and accurate statement of its contents.

7

57.    Denies the allegations contained in Paragraph 57 of the Complaint, and refers to the 1995 Stock Option Plan for a complete and accurate statement of its contents.

58.    Denies the allegations contained in Paragraph 58 of the Complaint, except admits that certain plaintiffs were granted options under the 1987 Stock Option Plan, certain plaintiffs were granted options under the 1995 Stock Option Plan and certain plaintiffs were granted options under both plans.

59.    Denies the allegations contained in Paragraph 59 of the Complaint, and refers to the 1987 Stock Option Plan and 1995 Stock Option Plan for a complete and accurate statement of their contents.

60.    Admits the allegations contained in Paragraph 60 of the Complaint, except states that to the extent that Paragraph 60 sets forth legal conclusions, no response thereto is required.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and refers to the consolidated financial statements of Sierra On-Line referred to therein for a complete and accurate statement of their contents.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.    Denies the allegations contained in Paragraph 64 of the Complaint, except admits that on February 19, 1996, CUC and its wholly-owned subsidiary, Larry Acquisition Corp., entered into an Agreement and Plan of Merger with Sierra On-Line, and

8

refers to that Agreement and Plan of Merger, as amended (the "Merger Agreement"), for a complete and accurate statement of its contents.

65.     Admits the allegations contained in Paragraph 65 of the Complaint.

66.     Admits the allegations contained in Paragraph 66 of the Complaint.

67.     Denies the allegations contained in Paragraph 67 of the Complaint, and refers to the June 21, 1996 Form S-4 for a complete and accurate statement of its contents.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and refers to the Merger Agreement for a complete and accurate statement of its contents.

70.     Denies the allegations contained in Paragraph 70 of the Complaint, except admits that on July 24, 1996, pursuant to the Merger Agreement, Larry Acquisition Corp. was merged with and into Sierra On-Line (the "Merger").

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Admits the allegations in Paragraph 72 of the Complaint.

73.     Denies the allegations contained in Paragraph 73 of the Complaint, and refers to the Pre-Acquisition Prospectus for a complete and accurate statement of its contents.

74.     Denies the allegations contained in Paragraph 74 of the Complaint, and refers to the Pre-Acquisition Prospectus for a complete and accurate statement of its contents.

75.     Denies the allegations contained in Paragraph 75 of the Complaint, and refers to the Pre-Acquisition Prospectus for a complete and accurate statement of its contents.

76.     Denies the allegations contained in Paragraph 76 of the Complaint, and refers to the July 24 Optionee Letters With Annex for a complete and accurate statement of its contents.

77.     Denies the allegations contained in Paragraph 77 of the Complaint, and refers to the July 24 Optionee Letters With Annex for a complete and accurate statement of its contents.

78.     Denies the allegations contained in Paragraph of 78 of the Complaint, except admits that in connection with the Merger, CUC assumed the 1987 Stock Option Plan and 1995 Stock Option Plan.

79.     Denies the allegations contained in Paragraph 79 of the Complaint, and refers to the 1987 Stock Option Plan SEC Registration for a complete and accurate statement of its contents.

80.     Denies the allegations contained in Paragraph 80 of the Complaint, and refers to the 1987 Stock Option Plan SEC Registration for a complete and accurate statement of its contents.

81.     Denies the allegations contained in Paragraph 81 of the Complaint, and refers to the 1995 Stock Option Plan SEC Registration for a complete and accurate statement of its contents.

82.     Denies the allegations contained in Paragraph 82 of the Complaint, and refers to the 1995 Stock Option Plan SEC Registration for a complete and accurate statement of its contents.

83.     Denies the allegations contained in Paragraph 83 of the Complaint and each subparagraph thereof, and refers to the 1995 10-K, 1987 Stock Option Plan SEC

Registration, 1995 Stock Option Plan SEC Registration, 1995 Earnings Press Release and Pre-Acquisition Prospectus for a complete and accurate statement of their contents.

84.     Denies the allegations contained in Paragraph 84 of the Complaint and each subparagraph thereof, and refers to the 1996 10-Q, 1987 Stock Option Plan SEC Registration, 1995 Stock Option Plan SEC Registration, 1Q-1996 Earnings Press Release and Pre-Acquisition Prospectus for a complete and accurate statement of their contents.

85.     Denies the allegations contained in Paragraph 85 of the Complaint, and refers to the 1995 10-K, 1996-10Q, 1995 Earnings Press Release, 1Q-1996 Earnings Press Release, 1987 Stock Option Plan SEC Registration, 1995 Stock Option Plan SEC Registration and Pre-Acquisition Prospectus for a complete and accurate statement of their contents.

86.     Denies the allegations contained in Paragraph 86 of the Complaint, and refers to the July 24 Optionee Letters With Annex for a complete and accurate statement of its contents.

87.     Denies the allegations contained in Paragraph 87 of the Complaint, and refers to the August 1996 Optionee Statements for a complete and accurate statement of their contents.

88.     Denies the allegations contained in Paragraph 88 of the Complaint, and refers to the January 1997 Optionee Statements for a complete and accurate statement of their contents.

89.     Denies the allegations contained in Paragraph 89 of the Complaint, and refers to the Additional Optionee Statements for a complete and accurate statement of their contents.

90.     Denies the allegations contained in Paragraph 90 of the Complaint, and refers to the Optionee Statements for a complete and accurate statement of their contents.

91.     Denies the allegations contained in Paragraph 91 of the Complaint, and refers to the August 1996 Optionee Statements for a complete and accurate statement of their contents.

92.     Denies the allegations contained in Paragraph 92 of the Complaint, and refers to the January 1997 Optionee Statements for a complete and accurate statement of their contents.

93.     Denies the allegations contained in Paragraph 93 of the Complaint, and refers to the Optionee Statements for a complete and accurate statement of their contents.

94.     Denies the allegations contained in Paragraph 94 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 94 of the Complaint sets forth legal conclusions, no response thereto is required.

95.     Denies the allegations contained in Paragraph 95 of the Complaint, except admits that on April 15, 1998 Cendant issued a press release, and refers to the April 15, 1998 press release for a complete and accurate statement of its contents.

96.     Denies the allegations contained in Paragraph 96 of the Complaint, except admits that on July 14, 1998 Cendant issued a press release, and refers to the July 14, 1998 press release for a complete and accurate statement of its contents.

12

97.     Denies the allegations contained in Paragraph 97 of the Complaint, except admits that on August 27, 1998 Cendant issued a press release, and refers to the August 27, 1998 press release for a complete and accurate statement of its contents.

98.     Denies the allegations contained in Paragraph 98 of the Complaint, and refers to the August 27, 1998 press release for a complete and accurate statement of its contents.

99.     Denies the allegations contained in Paragraph 99 of the Complaint, and refers to the Form 8-K filed on August 28, 1998 for a complete and accurate statement of its contents.

100.    Denies the allegations contained in Paragraph 100 of the Complaint, and refers to the Form 10-K/A filed by Cendant on or about September 29, 1998 for a complete and accurate statement of its contents.

101.    Denies the allegations contained in Paragraph 101 of the Complaint, except admits that as administrator of the plans Cendant maintains records concerning the plans.

102.    Denies the allegations contained in Paragraph 102 of the Complaint, except admits that on April 15, 1998 plaintiffs held options granted to them under the 1987 Stock Option Plan and/or the 1995 Stock Option Plan

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    Denies the allegations contained in Paragraph 105 of the Complaint, except admits that Cendant imposed a so-called "black out" on the exercise of stock options until such time that it filed restated financial statements with the SEC.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    Denies the allegations contained in Paragraph 107 of the Complaint, except admits that plaintiffs exercised options granted to them under the 1987 Stock Option Plan and/or the 1995 Stock Option Plan at various times between October 16, 1998 and March 1, 2000.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint, except admits that plaintiff Bock purchased 735 shares of Cendant stock on the exercise of options on March 19, 1998.

109.    Paragraph 109 is omitted from the Complaint.

110.    Paragraph 110 is omitted from the Complaint.

111.    Paragraph 111 is omitted from the Complaint.

112.    Paragraph 112 is omitted from the Complaint.

113.    Admits the allegations contained in Paragraph 113 of the Complaint.

114.    Denies the allegations contained in Paragraph 114 of the Complaint, except admits that plaintiff Brochu exercised options after April 15, 1998 and before the filing of this action.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

14

116.    Denies the allegations contained in Paragraph 116 of the Complaint, and refers to Cendant's 1997 10-K/A for a complete and accurate statement of its contents.

117.    Denies the allegations contained in Paragraph 117 of the Complaint, and refers to the May 29, 1998 order in In re Cendant Corporation Litigation, Master File No. 98-1664 (WHW) for a complete and accurate statement of its contents.

118.    Denies the allegations contained in Paragraph 118 of the Complaint, and refers to the September 8, 1998 order and December 14, 1998 consolidated class action complaint for a complete and accurate statement of their contents.

119.    Denies the allegations contained in Paragraph 119 of the Complaint, and refers to the January 27, 1999 order for a complete and accurate statement of its contents.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122.    Denies the allegations contained in Paragraph 122 of the Complaint, but states that to the extent Paragraph 122 sets forth legal conclusions, no response thereto is required.

123.    Paragraph 123 is omitted from the Complaint.

124.    Paragraph 124 is omitted from the Complaint.

125.    Paragraph 125 is omitted from the Complaint.

126.    Paragraph 126 is omitted from the Complaint.

127.    Paragraph 127 is omitted from the Complaint.

128.    Paragraph 128 is omitted from the Complaint.

15

129.    Paragraph 129 is omitted from the Complaint.

130.    Paragraph 130 is omitted from the Complaint.

131.    Paragraph 131 is omitted from the Complaint.

132.    Paragraph 132 is omitted from the Complaint.

133.    Paragraph 133 is omitted from the Complaint.

134.    Paragraph 134 is omitted from the Complaint.

135.    Paragraph 135 is omitted from the Complaint.

136.    Paragraph 136 is omitted from the Complaint.

137.    Paragraph 137 is omitted from the Complaint.

138.    Paragraph 138 is omitted from the Complaint.

139.    Paragraph 139 is omitted from the Complaint.

140.    Cendant repeats and realleges its responses set forth in paragraphs 1 through 139 as if fully set forth herein.

141.    Denies the allegations of Paragraph 141 of the Complaint, except states that to the extent Paragraph 141 of the Complaint sets forth legal conclusions, no response thereto is required.

142.    Admits the allegations contained in Paragraph 142 of the Complaint.

143.    Admits the allegations contained in Paragraph 143 of the Complaint.

144.    Denies the allegations contained in Paragraph 144 of the Complaint, except states that to the extent that Paragraph 144 of the Complaint sets forth legal conclusions, no response thereto is required.

145.    Denies the allegations contained in Paragraph 145 of the Complaint.

16

146.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint, except admits that plaintiff Bock purchased shares of Cendant stock on the exercise of options on March 19, 1998.

147.    Denies the allegations of Paragraph 147 of the Complaint, except states that to the extent Paragraph 147 of the Complaint contains legal conclusions, no response thereto is required.

148.    Denies the allegations contained in Paragraph 148 of the Complaint.

149.    Cendant repeats and realleges its responses set forth in paragraphs 1 through 139 as if fully set forth herein.

150.    Denies the allegations of Paragraph 150 of the Complaint, except states that to the extent Paragraph 150 of the Complaint contains legal conclusions, no response thereto is required.

151.    Denies the allegations contained in Paragraph 151 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 151 of the Complaint sets forth legal conclusions, no response thereto is required.

152.    Denies the allegations contained in Paragraph 152 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed

17

to CUC and/or Cendant; and that to the extent that Paragraph 152 of the Complaint sets forth legal conclusions, no response thereto is required.

153.    Denies the allegations contained in Paragraph 153 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 153 of the Complaint sets forth legal conclusions, no response thereto is required.

154.    Denies the allegations contained in Paragraph 154 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 154 of the Complaint sets forth legal conclusions, no response thereto is required.

155.    Denies the allegations contained in Paragraph 155 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 155 of the Complaint sets forth legal conclusions, no response thereto is required.

156.    Denies the allegations contained in Paragraph 156 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' actions, and states that to the extent that any individuals

were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 156 of the Complaint sets forth legal conclusions, no response thereto is required.

157.    Denies the allegations contained in Paragraph 157 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 157 of the Complaint sets forth legal conclusions, no response thereto is required.

158.    Denies the allegations contained in Paragraph 158 of the Complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint.

160.    Denies the allegations contained in Paragraph 160 of the Complaint, except states that to the extent that Paragraph 160 of the Complaint sets forth legal conclusions, no response thereto is required.

161.    Denies the allegations contained in Paragraph 161 of the Complaint, except states that to the extent that Paragraph 161 of the Complaint sets forth legal conclusions, no response thereto is required.

162.    Cendant repeats and realleges its responses set forth in paragraphs 1 through 139 as if fully set forth herein.

19

163.    Denies the allegations contained in Paragraph 163 of the Complaint, except states that to the extent that Paragraph 163 of the Complaint sets forth legal conclusions, no response thereto is required.

164.    Denies the allegations contained in Paragraph 164 of the Complaint, except admits that CUC assumed the obligations of the 1987 Stock Option Plan and the 1995 Stock Option Plan, and refers to such plans for a complete and accurate statement of their contents.

165.    Denies the allegations contained in Paragraph 165 of the Complaint.

166.    Denies the allegations contained in Paragraph 166 of the Complaint, except states that to the extent that Paragraph 166 of the Complaint sets forth legal conclusions, no response thereto is required.

167.    Denies the allegations contained in Paragraph 167 of the Complaint, except states that to the extent that Paragraph 167 of the Complaint sets forth legal conclusions, no response thereto is required.

168.    Denies the allegations contained in Paragraph 168 of the Complaint, except states that to the extent that Paragraph 168 of the Complaint sets forth legal conclusions, no response thereto is required.

169.    Cendant repeats and realleges its responses set forth in paragraphs 1 through 139 as if fully set forth herein.

170.    Denies the allegations contained in Paragraph 170 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed

20

to CUC and/or Cendant; and that to the extent that Paragraph 170 of the Complaint sets forth legal conclusions, no response thereto is required.

171.    Denies the allegations contained in Paragraph 171 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 171 of the Complaint sets forth legal conclusions, no response thereto is required.

172.    Denies the allegations contained in Paragraph 172 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 172 of the Complaint sets forth legal conclusions, no response thereto is required.

173.    Denies the allegations contained in Paragraph 173 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 173 of the Complaint sets forth legal conclusions, no response thereto is required.

174.    Denies the allegations contained in Paragraph 174 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts

were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 174 of the Complaint sets forth legal conclusions, no response thereto is required.

175.    Denies the allegations contained in Paragraph 175 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' actions.

176.    Denies the allegations contained in Paragraph 176 of the Complaint.

177.    Denies the allegations contained in Paragraph 177 of the Complaint.

178.    Denies the allegations contained in Paragraph 178 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 178 of the Complaint sets forth legal conclusions, no response thereto is required.

179.    Cendant repeats and realleges its responses set forth in paragraphs 169 through 173 and 175 through 177 as if fully set forth herein.

180.    Denies the allegations contained in Paragraph 180 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 180 of the Complaint sets forth legal conclusions, no response thereto is required.

181.    Cendant repeats and realleges its responses set forth in paragraphs 1 through 139 as if fully set forth herein.

182.    Denies the allegations contained in Paragraph 182 of the Complaint.

183.    Denies the allegations contained in Paragraph 183 of the Complaint.

184.    Denies the allegations contained in Paragraph 184 of the Complaint.

185.    Denies the allegations contained in Paragraph 185 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 185 of the Complaint sets forth legal conclusions, no response thereto is required.

186.    Denies the allegations contained in Paragraph 186 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 186 of the Complaint sets forth legal conclusions, no response thereto is required.

187.    Denies the allegations contained in Paragraph 187 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 187 of the Complaint sets forth legal conclusions, no response thereto is required.

188.    Denies the allegations contained in Paragraph 188 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 188 of the Complaint sets forth legal conclusions, no response thereto is required.

189.    Denies the allegations contained in Paragraph 189 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 189 of the Complaint sets forth legal conclusions, no response thereto is required.

190.    Denies the allegations contained in Paragraph 190 of the Complaint, except states that to the extent that Paragraph 190 of the Complaint sets forth legal conclusions, no response thereto is required.

191.    Denies the allegations contained in Paragraph 191 of the Complaint, except states that to the extent that Paragraph 191 of the Complaint sets forth legal conclusions, no response thereto is required.

192.    Denies the allegations contained in Paragraph 192 of the Complaint, except states that to the extent that Paragraph 192 of the Complaint sets forth legal conclusions, no response thereto is required.

193.     Denies the allegations contained in Paragraph 193 of the Complaint, except states that to the extent that Paragraph 193 of the Complaint sets forth legal conclusions, no response thereto is required.

194.     Cendant repeats and realleges its responses set forth in paragraphs 1 through 139 and 192 as if fully set forth herein.

195.     Denies the allegations contained in Paragraph 195 of the Complaint, except states that to the extent that Paragraph 195 of the Complaint sets forth legal conclusions, no response thereto is required.

196.     Denies the allegations contained in Paragraph 196 of the Complaint.

197.     Denies the allegations contained in Paragraph 197 of the Complaint.

198.     Denies the allegations contained in Paragraph 198 of the Complaint.

199.     Denies the allegations contained in Paragraph 199 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 199 of the Complaint sets forth legal conclusions, no response thereto is required.

200.     Denies the allegations contained in Paragraph 200 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 200 of the Complaint sets forth legal conclusions, no response thereto is required.

201.     Denies the allegations contained in Paragraph 200 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 200 of the Complaint sets forth legal conclusions, no response thereto is required.

202.     Denies the allegations contained in Paragraph 202 of the Complaint, except states that to the extent that Paragraph 202 of the Complaint sets forth legal conclusions, no response thereto is required.

203.     Denies the allegations contained in Paragraph 203 of the Complaint, except states that to the extent that Paragraph 203 of the Complaint sets forth legal conclusions, no response thereto is required.

204.     Cendant repeats and realleges its responses set forth in paragraphs 194, 195, 198 and 202 as if fully set forth herein.

205.     Denies the allegations contained in Paragraph 205 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 205 of the Complaint sets forth legal conclusions, no response thereto is required.

206.     Denies the allegations contained in Paragraph 206 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts

were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 206 of the Complaint sets forth legal conclusions, no response thereto is required.

207.    Denies the allegations contained in Paragraph 207 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 207 of the Complaint sets forth legal conclusions, no response thereto is required.

208.    Denies the allegations contained in Paragraph 208 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 208 of the Complaint sets forth legal conclusions, no response thereto is required.

209.    Denies the allegations contained in Paragraph 209 of the Complaint, except states that to the extent that Paragraph 209 of the Complaint sets forth legal conclusions, no response thereto is required.

210.    Denies the allegations contained in Paragraph 210 of the Complaint, except states that to the extent that Paragraph 210 of the Complaint sets forth legal conclusions, no response thereto is required.

211.    Cendant repeats and realleges its responses set forth in paragraphs 1 through 139 and 192 as if fully set forth herein.

212.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the Complaint, except states that to the extent that Paragraph 212 of the Complaint sets forth legal conclusions, no response thereto is required.

213.   Denies the allegations contained in Paragraph 213 of the Complaint.

214.   Denies the allegations contained in Paragraph 214 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 214 of the Complaint sets forth legal conclusions, no response thereto is required.

215.   Denies the allegations contained in Paragraph 215 of the Complaint, except states that to the extent that Paragraph 215 of the Complaint sets forth legal conclusions, no response thereto is required.

216.   Denies the allegations contained in Paragraph 216 of the Complaint, and states that to the extent that any individuals were, or may have been, involved in any accounting irregularities, they were acting adverse to CUC and/or Cendant and any such acts were unauthorized and beyond the scope of their duties and no such conduct may be imputed to CUC and/or Cendant; and that to the extent that Paragraph 216 of the Complaint sets forth legal conclusions, no response thereto is required.

217.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the Complaint, except states that to the

extent that Paragraph 217 of the Complaint sets forth legal conclusions, no response thereto is required.

218.   Denies the allegations contained in Paragraph 218 of the Complaint, except states that to the extent that Paragraph 218 of the Complaint sets forth legal conclusions, no response thereto is required.

## AFFIRMATIVE DEFENSES

Cendant alleges the following affirmative defenses with respect to the claims alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on the plaintiffs:

### FIRST DEFENSE

Any and all actions taken by Cendant were taken in good faith, without knowledge or intent to commit fraud, and did not directly or indirectly constitute unlawful acts.

### SECOND DEFENSE

Cendant, in its conduct with respect to the allegations of the Complaint, had neither actual nor constructive knowledge of any of the wrongful conduct upon which the Complaint is based.

### THIRD DEFENSE

Cendant, in the exercise of reasonable care, did not know and could not have known, of any of the wrongful conduct upon which the Complaint is based.

### FOURTH DEFENSE

The acts or omissions of Cendant alleged in the Complaint did not cause plaintiffs to suffer the damages which they are seeking to recover.

## FIFTH DEFENSE

Plaintiffs do not have standing to bring the claims alleged in the Complaint.

## SIXTH DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted with respect to all counts alleged in the Complaint.

## SEVENTH DEFENSE

Plaintiffs have failed to plead fraud with particularity.

## EIGHTH DEFENSE

The acts or omissions of Cendant alleged in the Complaint occurred entirely in states other than California and Washington.

## NINTH DEFENSE

Cendant did not at any time render investment advice to plaintiffs.

## TENTH DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

WHEREFORE, Cendant Corporation respectfully requests judgment granting the following relief:

(a)     dismissing plaintiffs' Complaint against it with prejudice;

(b)     awarding Cendant the costs of defending this action, including attorneys' fees, costs, and disbursements;

(c)     granting Cendant such other and further relief as this Court may deem

just and necessary.

Dated: February 23, 2007

SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP

By: \s\ William F. Clarke, Jr.
    Samuel Kadet
    Joseph N. Sacca
    William F. Clarke, Jr.
    Four Times Square
    New York, New York 10036-6522
    (212) 735-3000

                    -- and --

    Carl Greenberg
    BUDD LARNER, P.C.
    150 John F. Kennedy Parkway, CN 1000
    Short Hills, New Jersey 07078-0999
    (973) 379-4800

    *Attorneys for Defendant Cendant Corporation*

## <u>CERTIFICATE OF SERVICE</u>

On February 23, 2007, I caused a copy of Cendant Corporation's Answer and

Affirmative Defenses to the Second Amended Complaint to be served by express mail on

> D. Greg Durbin, Esq.
> McCormick Barstow LLP
> 5 River Park Place East
> P.O. Box 28912
> Fresno, California 93729-8912

and via e-mail upon all other counsel appearing on the attached service list.

Dated: February 23, 2007

\s\ William F. Clarke, Jr.\
William F. Clarke, Jr.

*IN RE CENDANT CORPORATION SECURITIES LITIGATION*, 98-CV-1664 (WHW)
**E-MAIL SERVICE LIST**

| Party | Attorney's Name | Firm Name | E-mail Address |
|---|---|---|---|
| Alexander/Bock Plaintiffs | Greg Durbin Christopher Hall | McCormick, Barstow, Sheppard, Wayte & Caruth LLP | greg.durbin@mccormickbarstow.com christopher.hall@mccormickbarstow.com ginny.christensen@mccormickbarstow.com |
| Lead Plaintiffs - All Secs. But Prides The Calpers Group; California Public Employees Retirement System, New York State Common Retirement Fund, N.Y. City Teachers' Retirement System, N.Y.C.Fire Department Pension Fund, N.Y.C. Police Department Pension Fund, N.Y.C. Board of Education Retirement System, N.Y.C. Employees' Retirement System, N.Y.C. Police Officers' Variable Supplements Fund, N.Y.C Police Superior Officers' Variable Supplements Fund, N.Y.C. Firefighters' Variable Supplements Fund, N.Y.C. Fire Officers' Variable Supplements Fund | Jeffrey N. Leibell Max Berger | Bernstein Litowitz Berger & Grossman LLP | jeffl@blbglaw.com max@blbglaw.com |
| | Jeffrey Golan | Barrack, Rodos & Bacine | jgolan@barrack.com |
| | | | |
| Cendant Corporation | Peter W. Tomlinson Nico Commandeur | Patterson Belknap Webb & Tyler LLP | pwtomlinson@pbwt.com ncommandeur@pbwt.com |
| | Carl Greenberg | Budd Larner PC | cgreenberg@budd-larner.com |
| | Samuel Kadet William F. Clarke, Jr. | Skadden Arps Slate Meagher & Flom LLP | skadet@skadden.com wclarke@skadden.com |
| | | | |

2

| Party | Attorney's Name | Firm Name | E-mail Address |
|---|---|---|---|
| Cosmo Corigiliano | Leda Dunn Wettre | Robinson & Livelli | lwettre@robinsonlivelli.com |
| | Alan R. Friedman J. Wells Dixon | Kramer Levin Naftalis & Frankel LLP | afriedman@kramerlevin.com jdixon@kramerlevin.com |
| | | | |
| Walter A. Forbes | Robert M. Cary Margaret A. Keeley Marcie R. Ziegler | Williams & Connolly LLP | rcary@wc.com mkeeley@wc.com mziegler@wc.com |
| | | | |
| CUC Individuals: Bartlett Burnap, T. Barnes Donnelley, Frederick D. Green, Stephen A. Greyser, Dr. Carole G. Hankin, Christopher K. McLeod, Burton Perfit, Anthony G. Petrello, Robert P. Ritterreiser, Stanley M. Rumbough, Jr., Craig R. Stapleton, Robert Tucker (as well as Kenneth A. Williams) | Howard Hawkins | Cadwalader, Wickersham & Taft LLP | howard.hawkins@cwt.com |
| | Timothy E. Hoefner Amy S. Kline Shanna P. O'Neal Candace Toll Aaron | Saul Ewing LLP | thoeffner@saul.com akline@saul.com caaron@saul.com |
| | Greg A. Danilow | Weil, Gotshal & Manges LLP | greg.danilow@weil.com |
| | Steven S. Radin | Sills Cummis Epstein & Gross P.C. | sradin@sillscummis.com |
| | | | |
| Ernst & Young LLP | Douglas S. Eakeley Barbara S. Schweiger | Lowenstein Sandler P.C. | deakeley@lowenstein.com bschweiger@lowenstein.com |
| | Caryn L. Jacobs | Mayer Brown, Rowe & Maw LLP | cjacobs@mayerbrown.com |
| | Douglas M. Schwab Michael L. Charlson | Heller Ehrman White & McAuliffe LLP | dschwab@hewm.com mcharlson@hewm.com |
| | Robin A. Henry Rosanne Baxter | Boies Schiller & Flexner LLP | rhenry@bsfllp.com rbaxter@bsfllp.com |
| | William P. Hammer | Ernst & Young LLP | bill.hammer@ey.com |
| | | | |

| Party | Attorney's Name | Firm Name | E-mail Address |
|---|---|---|---|
| HFS Parties:<br>James E. Buckman, Leonard S. Coleman, Christel DeHann, Martin L. Edelman, Scott E. Forbes, Stephen P. Holmes, Robert D. Kunisch, Michael P. Monaco, The Honorable Brian Mulroney, Robert E. Nederlander, Robert W. Pittman, E. John Rosenwald, Jr., Leonard Schutzman, Henry R. Silverman, Robert F. Smith, John D. Snodgrasss | Herbert Jay Stern<br>Edward S. Nathan | Stern & Kilcullen | hstern@sgklaw.com<br>enathan@sgklaw.com |
| | James G. Kreissman<br>Simona Strauss | Simpson Thacher & Bartlett LLP | jkreissman@stblaw.com<br>sstrauss@stblaw.com |
| | | | |
| Kevin Kearney | Robert J. Fettweis | Tressler Soderstrom Maloney & Priess | rfettweis@tsmp.com |
| | | | |
| Anne M. Pember | Frederick B. Polak | Post Polak, Goodsell, McNeill & Straucher, P.A. | fbp@ppgms.com |
| | Helen Gredd<br>Daniel E. Reynolds | Lankler Siffert & Wohl LLP | hgredd@lswlaw.com<br>dreynolds@lswlaw.com |
| | | | |
| Reliant Trading | Michael H. Schaalman<br>Paul Bauer | Quarles & Brady | Ms2@quarles.com<br>PDB@quarles.com |
| | Peter S. Pearlman | Cohn Lifland Pearlman Herrman & Knopf, LLP | psp@njlawfirm.com |
| | | | |
| Casper Sabatino | Edward T. Dauber | Greenberg Dauber Epstein & Tucker | edauber@greenbergdauber.com |
| | | | |
| Mary Sattler | Paul A. Rowe<br>Andrea J. Sullivan | Greenbaum, Rowe, Smith & Davis LLP | prowe@greenbaumlaw.com<br>asullivan@greenbaumlaw.com |
| | | | |
| E. Kirk Shelton | Bruce Handler<br>Richard Schaeffer<br>Andrew Kanter | Dornbush Schaeffer Strongin & Weinstein LLP | handler@dsswlaw.com<br>schaeffer@dsswlaw.com<br>kanter@dsswlaw.com |
| | | | |
| Steve Speaks | Steven Grossman | Walder Hayden & Brogan, P.A. | sdgrossman@whbesqs.com |
| | | | |

| Party | Attorney's Name | Firm Name | E-mail Address |
|---|---|---|---|
| Evan F. Trestman, Leonard J. Cline, Jr., a Professional Corp., and Glaser Family Partnership | James C.Gulotta Andrew D. Mendez | Stone, Pigman, Walter, Wittman & Hutchinson, LLP | jgulotta@stonepigman.com amendez@stonepigman.com |