NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE: CENDANT CORPORATION | : | Master File No. 98-CV-1664 (WHW) |
| SECURITIES LITIGATION | : | Case No. 99-C-0381 (E.D. Wis.) |
| | : | |
| | : | **OPINION** |
| | : | |
| | : | |
| This document Relates to: Reliant Trading | : | |
| v. Cendant Corporation, et al. | : | |
| | : | |

Walls, District Judge

This matter is before the Court on Third Party Defendant Ernst and Young LLP's (E&Y) objection to the settlement entered by Plaintiffs Reliant Trading and Shepard Trading Ltd. (collectively "Reliant") with Defendant Cendant Corporation ("Cendant"). E&Y objects to the provision which states that no contribution bar pursuant to the Private Securities Litigation Reform Act ("PSLRA") shall arise with respect to Cendant's Amended Cross-Claims against E&Y. E&Y asks this Court to enter a bar order barring any claims by Cendant for contribution against E&Y, including state claims that shift responsibility for plaintiffs' damages or amounts paid in settlement.

Pursuant to Fed. R. Civ. P. 78, E&Y's motion is decided without oral argument. The motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 1997, CUC International, Inc. acquired HFS in a stock-for-stock merger. CUC was the surviving corporation and was renamed Cendant. On April 15, 1998, Cendant

publicly announced that its annual income and earnings per share for 1997 had been materially misstated and that 1998 financial results would be adversely affected by the accounting irregularities.  Beginning on April 16, 1998, persons who purchased or otherwise acquired shares of CUC and Cendant securities filed scores of securities fraud lawsuits, including class actions, against Cendant based on the accounting irregularities described above.  For purposes of this motion, the Court will presume the parties' familiarity with the extensive background of this litigation and summarizes only the pertinent facts.  See In re Cendant Corporation Sec. Litig., 109 F. Supp.2d 235 (D.N.J. 2000) (approving settlement agreements between consolidated class and Cendant and E&Y); In re Cendant Corporation Sec. Litig., slip. op., (D.N.J. August 6, 1999) (denying motions to dismiss various cross claims by E&Y against Cendant and other defendants).

The main shareholder action against Cendant was settled in 2000. The settlement included a bar order which precluded contribution against a settled party and claims brought by a settled party.  However, Cendant expressly reserved the right to assert cross-claims against E&Y (and other defendants) "otherwise permitted by any applicable federal or statute or common law."  In 2001, E&Y moved to dismiss all of Cendant's cross claims.  This Court dismissed Count Eight of the Amended Cross Claims but denied E&Y's motion to dismiss the remaining claims.  In re Cendant Corp. Sec. Litig., 166 F.Supp.2d 1 (D.N.J. 2001).

Reliant opted out of the class action and filed a complaint against Cendant, HFS, Deloitte & Touche LLP, and eight current and former senior executives and directors of Cendant on April 4, 1999 in the action entitled Reliant Trading, et al. v. Cendant Corporation, et al., Case No. 99-C-0381, in the United States District Court for the Eastern District of Wisconsin, setting forth, *inter alia*, claims pursuant to the Securities Act of 1933, the Securities and Exchange Act of

2

1934, and breach of contract. Unlike most of the other claimants who sued Cendant as a result of the accounting fraud, Reliant chose not to sue E&Y. On August 20, 1999, the action was consolidated for pre-trial purposes with the other actions pending against Cendant in this Court.

Cendant filed a third-party complaint against E&Y on August 31, 1999. On December 14, 1999, Reliant filed an Amended Complaint. On January 14, 2000 Cendant filed an Answer to the Amended Complaint, denying all material allegations. On May 15, 2000, Cendant amended its Third Party Complaint against E&Y.[1]

In its Third Party Complaint against E&Y, Cendant alleges common law fraud, negligence, and breach of contract on behalf of itself, as successor to HFS, and as successor to CUC (Counts I-VI; IX-XI). It also alleges breach of fiduciary duty on behalf of itself and as successor to CUC (Counts VII and XII). Count VIII seeks contribution for liability incurred in the Reliant action.

Reliant and Cendant recently settled the first-party action by Reliant against Cendant. E&Y is not a party to the Agreement. Reliant submitted a proposed dismissal order to the Court for approval on May 2, 2007. The settlement agreement releases all claims among the settling parties. It also purports to preserve certain "Cendant Preserved Claims" including "claims for contribution. . . against any of the Other Released Parties based on the Released Claims, the Action, or settlement of the Action." The "Released Claims" are defined as all claims arising from Plaintiffs' original and First Amended Complaints and the January 17, 2007 conviction of Walter A. Forbes in the United States District Court for the District of Connecticut. The "Other Released Parties" are defined as all of the Cendant's co-defendants, as well as E&Y.

---

[1] E&Y has also asserted various cross-claims against Cendant and other defendants.

3

The proposed dismissal order states that: (1) the Amended Complaint is dismissed with prejudice against all defendants; (2) all other claims, including Cendant's amended third party complaint filed against E&Y, are not dismissed and the case remains open; and (3) "no contribution bar pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(f)(7), shall arise with respect to Cendant's Amended Cross-Claims against Ernst & Young."

On May 25, 2007, E&Y filed a motion to the court, styled an "Objection of Third Party Defendant Ernst & Young LLP to Plaintiff Reliant Trading's Motion for Entry of an Order of Dismissal Without a Bar Order." That objection is the subject of the present Opinion.

## DISCUSSION

Under the PSLRA, Pub. L. No. 104-67:

> A <u>covered person</u> who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons. Upon entry of the settlement by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action. <u>The order shall bar all future claims for contribution arising out of the action--</u>
>
>     (i)    by any person <u>against the settling covered person</u>; and
>     (ii)   by the <u>settling covered person against any person</u>, other than a person whose liability has been extinguished by the settlement of the settling covered person.

15 U.S.C. §78u-4(f)(7)(A) (emphasis added). The Act defines a "covered person" as

>     (i)    a defendant in any private action arising under this chapter [the Securities Exchange Act of 1934]; or
>     (ii)   a defendant in any private action arising under section 77k of this title [section 11 of the Securities Act], who is an <u>outside director of the issuer</u> of the securities that are the subject of the action.

15 U.S.C. § 78u-4(f)(10)(C) (emphasis added). The corresponding right of contribution which is extinguished by § 78u-4(f)(7)(A) is established by statute in § 78u-4(f)(8), and the contribution

4

bar itself affords a right of reduction of the ultimate judgment by either the percentage fault of the covered person or the amount actually paid in settlement by the covered person.  See 15 U.S.C. §§ 78u-4(f)(7)(B)(i)-(ii).

 E&Y objects to the "no bar" provision in the proposed settlement order between Reliant and Cendant.  E&Y argues that the PSLRA mandates that the Court enter a bar order barring any claims by Cendant for contribution against E&Y.  E&Y further argues that the "claims for contribution" barred by the PSLRA after a settlement encompass not only claims formally denominated as contribution causes of action but *any* claim (including independent state claims) which seek to shift responsibility for the plaintiff's damages or amounts paid in settlement.

 E&Y argues that if a settling defendant wishes to pursue contribution claims against another party, it must first negotiate a release that extinguishes that party's liability to plaintiff.  E&Y maintains that the logical corrolary is that if the party's liability has already been extinguished, the exception to the contribution bar cannot be triggered and a contribution bar order must be entered.  Here, E&Y is not a defendant in the action brought by Reliant, and E&Y asserts that both the statute of limitations and statute of repose have run.  Accordingly, E&Y argues that it is not "a person whose liability has been extinguished by the settlement" and Cendant cannot use language of such a release to preserve its claims for contribution arising out of the Reliant action.

 Next, E&Y asks this Court to enter a bar order that bars all claims, including state law claims, that seek recovery of any amounts Cendant paid to settle the Reliant action.  E&Y takes the position that, contrary to this Court's ruling in August 2001, the PSLRA necessarily bars state law claims of action for malpractice, fraud, or the like, that seek contribution or indemnity

5

damages.²

In opposition to E&Y's objection, Cendant sets forth three main arguments. First, Cendant argues that E&Y lacks standing to challenge the settlement. Second, Cendant challenges E&Y's argument that its claim for contribution against E&Y is barred. Finally, Cendant argues that E&Y's objection is in effect an attempt to re-litigate an issue previously decided by this Court in 2001.

    1. Standing

As a preliminary matter, the Court considers whether E&Y has standing to object to the proposed settlement between Cendant & Reliant. The general rule is that non-settling defendants lack standing to challenge a partial settlement because they are ordinarily not affected by such a settlement. Eichenholtz v. Brennan, 52 F.3d 478, 482 (3d Cir. 1995). However, there is a well-settled exception to this rule where non-settling defendants "can demonstrate that they will suffer some formal legal prejudice as a result of the partial settlement." Id. For example, in Eichenholtz, the Third Circuit held that the non-settling objectors had standing because the partial settlement at issue purported to enjoin the objectors from pursuing their own contribution claims against the settling parties. Id. at 482 n.8.

Cendant cites In re School Asbestos Litig. for the proposition that E&Y risks no such harm, and suffers no prejudice, if the dismissal order submitted by Reliant is entered. 921 F.2d 1330, 1333 (3d Cir. 1990) (where settlement provision did not strip non-settling defendants of their right to contribution or indemnity, the non-settling defendants had no standing to object to

---

²In August 2001, this Court held that independent state law claims which required different proofs from that of a claim of contribution were not barred by the PSLRA contribution bar order. In re Cendant Corp. Sec. Litig., 166 F.Supp.2d 1 (D.N.J. 2001).

the settlement).  Cendant maintains that the dismissal order preserves the status quo.

E&Y, in contrast, argues that it has standing to challenge the settlement because its legal rights are affected by it.  E&Y maintains that under the PSLRA, it is entitled to a change in the status quo in the form of a PSLRA-required bar order that affirmatively precludes Cendant from pursuing any contribution claim against E&Y.  E&Y points out that In re School Asbestos Litig., a case on which Cendant relies heavily for its standing argument, predated Eichenholz and did not involve a bar order but a judgment reduction provision.

E&Y cites post-PSLRA cases that have held that non-settling defendants have standing to challenge bar orders that they contend are overbroad.  See, e.g., In re PNC Financial Services Group, Inc. Sec. Litig., 440 F.Supp.2d 421, 436 (W.D. Pa. 2006) (finding that E&Y's objection to the propriety and scope of the bar orders fall squarely within [the Eichenholtz exception,] and thus it has standing to object to these aspects of the proposed partial settlement").  Similarly, in In re Rite Aid Corporation Sec. Litig., the district court concluded that non-settling defendants had standing to challenge provisions of a bar order where one of the objections was that the bar order did not go far enough in protecting non-settling defendants from claims by the settling defendants.  146 F. Supp. 2d 706, 716 n.12, 723 (E.D. Pa. 2001).

Here, the proposed settlement does not extinguish E&Y's right to pursue any legal claims.  Unlike the non-settling defendants found to have standing in the cases cited by E&Y, E&Y is not a traditional non-settling defendant as Plaintiffs never filed any claims against it.  Nevertheless, the Court is persuaded that a third party defendant has standing to challenge a settlement to which it is not a party where the settlement affects its legal rights.  The proposed settlement purports to extinguish any claims Plaintiffs may have against it while at the same time

7

explicitly preserving Cendant's claims. The proposed settlement agreement therefore touches E&Y's interests. Accordingly, the Court finds that E&Y has standing to object to the proposed settlement between Cendant and Reliant, and the Court will consider the merits of E&Y's objection.

    2. Application of the PSLRA Contribution Bar

The parties dispute whether the PSLRA requires the entry of a bar order in the proposed settlement between Reliant and E&Y. The PSLRA expressly provides that a defendant found jointly and severally liable to a plaintiff may recover contribution from another party even if that party was not named as defendant in the original action:

> a covered person who becomes jointly and severally liable for damages in any private action may recover contribution *from any other person who, if joined in the original action, would have been liable for the same damages.* A claim for contribution shall be determined on the percentage of responsibility of the claimant of each person against whom a claim for contribution is made.

15 U.S.C. § 78u-4(f)(8) (emphasis added). The PSLRA also provides that a defendant who "settles any private action at any time before final verdict" is protected from claims for contribution by another defendant and barred from asserting a claim for contribution "against any other person, other than a person whose liability has been extinguished by the settlement." 15 U.S.C. § 78u-4(f)(7)(A). Thus, if a settling party wishes to pursue a claim for contribution against another party, it must first negotiate a release that extinguishes the party's liability to the plaintiffs.

The parties agree that in order for Cendant to avoid the entry of a bar order, it must show that the settlement with Reliant extinguished Reliant's claims against E&Y. Cendant argues that

8

the Reliant settlement includes a release of E&Y, so no contribution bar is required by the PSLRA. E&Y counters that since it was not a defendant in the suit brought by Reliant, it does not have any potential liability to Reliant and the exception to the bar order requirement does not apply. The issue before the Court is whether a plaintiff's alleged failure to timely sue a third party defendant effectively "extinguishes" the third party defendant's liability to the plaintiff such that the settling defendant cannot preserve its claims for contribution by negotiating a release of liability for the third party defendant in its settlement with the plaintiff, pursuant to 15 U.S.C. § 78u-4(f)(7)(A)(ii).

E&Y argues that the purported release in the settlement agreement is a sham release. E&Y asserts that any liability which it could have had to Reliant would have had to be predicated on Plaintiffs' Section 10(b) and Rule 10b-5 theories and that the one year statute of limitations and three year statute of repose have long since passed.[3] E&Y therefore maintains that any potential liability E&Y may have had to Reliant has already been extinguished and therefore Cendant can not "extinguish" its liability in the settlement. Accordingly, E&Y argues that the exception to the contribution bar cannot be triggered and a contribution bar order must be entered. Cendant, in opposition, argues that under the PSLRA, the right to seek contribution from a third party is not limited to cases where the plaintiff chose to sue that third party. § 78u-4(f)(8). It maintains that the fact that Reliant never asserted claims against E&Y is irrelevant for

---

[3]In Lampf, Pleva, Lipkand, Prupis & Petigrow v. Gilbertson, the Supreme Court held that private actions under Section 10(b) were subject to a one-year statute of limitations and a three-year statute of repose. 501 U.S. 350, 364 (1991). Although the Sarbanes-Oxley Act of 2002 extended the limitations periods, the new limitations periods did not apply retroactively to claims that had already been barred. See Pub. L. No. 107-204. 116 Stat. 745, Title VIII, § 804 (2002); see also Lieberman v. Cambridge Partners, LLC., 432 F.3d 482, 489 (3d Cir. 2006).

the purposes of contribution. Furthermore, Cendant argues that a rule in which Cendant's right to seek contribution would be lost because of Reliant's failure to sue E&Y within the requisite time period would be patently unfair because a defendant such a Cendant has no ability to require a plaintiff to bring suit against another party. See John et al., 35AC.J.S. Federal Civil Procedure § 154 (2007) ("The joinder or persons who are, or may be, directly liable to the original plaintiff, is generally not permitted. . . Thus a third-party defendant cannot be impleaded merely because he or she may be liable to the plaintiff.").

As a preliminary matter, the Court finds that it is pure speculation to guess what viable clams Reliant may or may not have had against E&Y without such claims being raised and adjudicated. Second, the Court notes that the statute of limitations and statute of repose are affirmative defenses which may or may not be asserted by a party. See Fed. R. Civ. P. 8(c). Here, E&Y makes a naked assertion that the statute of limitations period and statute of repose on Section 10(b) and Rule 10b-5 claims have run. However, without adjudication of these issues, the Court cannot say with certainty that the statutes have run, have not been tolled or that an exception to the limitations period does not apply. To be clear, the Court makes no determination of what claims could be brought against E&Y, on the relevant statutes of limitations or repose periods, or on whether the time periods have expired. However, the Court will not rule, on the basis of bald assertions, that all potential claims that Reliant may have had against E&Y were necessarily "extinguished."

By the terms of the settlement, E&Y is a "released party." As a released party, E&Y, in addition to Cendant, is released from any and all claims and actions that relate to or arise from or are connected with the Complaint, Amended Complaint, Judgement entered against Walter

Forbes, or any causes of action which have been or could have been asserted against Cendant in the Action.  The settlement agreement, then, unquestionably extinguishes any potential liability E&Y may have to plaintiffs.  Accordingly, the Court holds that a settlement bar order is not required by the PSLRA.

Because the Court finds that no settlement bar order is required, E&Y's argument regarding the appropriate scope of a bar order is moot.

## CONCLUSION

For the foregoing reasons, E&Y's objection to the settlement proposed by Cendant and Reliant is denied.

    s/ William H. Walls
**William H. Walls, U.S.S.J.**