IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------x
In re:                                          :   Master File No. 98-1664 (WHW)
                                                :
CENDANT CORPORATION                             :   This document relates to:
LITIGATION                                      :   All Actions Except the Prides Action (No. 98-2819)
                                                :
                                                :
------------------------------------------------x

### [REVISED PROPOSED] ORDER APPROVING LEAD PLAINTIFFS' MOTION TO CONDUCT A THIRD DISTRIBUTION OF THE NET SETTLEMENT FUND, AND FOR PAYMENT OF LEAD COUNSEL'S FEES FOR SERVICES PROVIDED BETWEEN OCTOBER 1, 2003 AND JANUARY 31, 2009, AND FOR UNREIMBURSED LITIGATION EXPENSES

Lead Plaintiffs have moved the Court for an order that will, *inter alia*, (a) authorize them to conduct a third distribution from the balance in the Net Settlement Fund; (b) award Lead Counsel payment of fees for services provided between October 1, 2003 and January 31, 2009 and reimbursement of unreimbursed litigation expenses incurred during that period, and (c) approve the fees and expenses of the Claims Administrator for the period November 1, 2003 through February 28, 2009 (the "Third Distribution Motion").

NOW THEREFORE, the Court, having considered all matters submitted to it in connection with Lead Plaintiffs' motion to conduct a third distribution of the Net Settlement Fund, as well as in connection with the services performed and fees and expenses incurred by Heffler, Radetich & Saitta L.L.P. ("Heffler"), the Claims Administrator, and otherwise having determined the fairness and reasonableness of the relief requested in the motion, including the Joint Declaration of Max W. Berger and Jeffrey W. Golan in Support of Lead Plaintiffs' Motion to Conduct a Third Distribution of the Net Settlement Fund, and for Payment of Lead Counsel's Fees for Services Provided between October 1, 2003 and January 31, 2009, and for Unreimbursed Litigation Expenses; and the

Declaration of Michael T. Bancroft, CPA in Support of the Third Distribution of the Net Settlement Fund (the "Bancroft Declaration"), and upon all of the prior proceedings heretofore had herein,

IT IS HEREBY ORDERED that:

1. The Court approves the recommendation to accept the fifteen untimely but otherwise valid claims set forth in Exhibit C to the Bancroft Declaration and the recommendation to reject the sixteenth claim set forth in Exhibit C to the Bancroft Declaration as invalid regardless of when submitted;

2. The balance in the Net Settlement Fund, less the fees and expenses and the reserve amount described herein, shall be distributed only to those Claimants who have cashed their Second Distribution checks and to the fifteen untimely but otherwise valid claims set forth on Exhibit C to the Bancroft Declaration;

3. The checks to be distributed shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]";

4. The balance remaining in the Net Settlement Fund one month after the void date of the checks (as set forth in Paragraph 3 above) issued in the distribution described in Paragraph 2 above or the resolution of the outstanding issues regarding Heffler's invoices, whichever is later, be redistributed at that time only to those Claimants who by that time have cashed their Third Distribution checks and who would receive at least $10.00 from such Fourth Distribution;

5. Should a balance remain in the Net Settlement Fund one month after the void date of the checks issued in the Third Distribution or Fourth Distribution conducted pursuant to Paragraph 4 above, Lead Plaintiffs shall donate such funds to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Plaintiffs and approved by the Court;

2

6. A letter, substantially in the form attached hereto as Exhibit 1, shall accompany each check issued in the Third Distribution. The letter shall contain the following language advising the recipient of the application for attorneys' fees and expenses made in conjunction with the Third Distribution Motion and of the right to comment to the Court on the application:

> In the motion for authorization to conduct the third distribution, Lead Counsel also applied for an award of additional attorneys' fees for services provided between October 1, 2003 and January 31, 2009 and for unreimbursed litigation expenses. Copies of the papers in support of the motion and requested fees and expenses, which set forth the details of the request, are posted on Lead Counsel's websites (www.blbglaw.com and www.barrack.com), as well as on the Claims Administrator's website (www.heffler.com). As set forth in the Notice (which is also posted on Lead Counsel's and the Claims Administrator's websites), the customary fee awards sought at that time in this type of litigation ranged between 25-33% of the recovery. The award of the attorneys' fees requested in conjunction with the motion for a third distribution (i.e., $844,213.75 based on Lead Counsel's firms' standard hourly rates without the enhancement of a multiplier for the 1,437.95 hours worked for the benefit of the Class during the period October 1, 2003 through January 31, 2009) means that Lead Counsel would be receiving a total fee award in this action of approximately 1.7% of the recovery obtained for the Class. The out-of-pocket disbursements and expenses requested ($459,543.03), together with what has already been awarded, is still substantially lower (approximately $400,000 lower) than the amount you were advised in the Notice could be sought by Lead Counsel. If you wish to comment to the Court on this fee and expense application, you may do so but it must be in writing postmarked no later than twenty (20) days from the date of this letter. Any comments should be addressed to: The Honorable William H. Walls, United States District Judge, United States District Court, District of New Jersey, Martin Luther King Federal Building and U.S. Courthouse, 50 Walnut Street, Room 4046, Newark New Jersey, Room 4046, Newark, New Jersey 07102-0999, with copies to [Lead Counsel].

7. Lead Counsel shall be paid attorneys' fees of $844,213.75 from the Settlement Fund for services rendered to the Class between October 1, 2003 through January 31, 2009;

8. Lead Counsel shall be paid expenses of $459,543.03 from the Settlement Fund to reimburse Lead Counsel for expenses incurred between October 1, 2003 through January 31, 2009;

9. The fees and expenses awarded to Lead Counsel as set forth in Paragraphs 7 and 8 above shall not be taken by Lead Counsel until forty-five (45) days after the date of the checks issued in the Third Distribution.

10.     The Court approves payment to Heffler of $476,529.39 for services rendered and expenses incurred for the period November 1, 2003 through February 28, 2009 of which $445,338.75 represents fees and $31,190.64 represents expenses incurred. Payment of the approved fees is conditioned upon the final resolution of the outstanding issues relating to the payment of fraudulent claims. Until such time, this approved fee payment will be held as part of the reserve to be established pursuant to Paragraph 11 of this Order. Payment of approved expenses in the amount of $31,190.64 shall be made from the Settlement Fund;

11.     A reserve in the amount of $1,000,000.00 shall be held back from the Third Distribution relating to the payment of any additional fees to Heffler pending resolution of outstanding issues regarding the payment of fraudulent claims. However, the Court hereby approves payment to Heffler of the fees and expenses it will incur in connection with the Third and Fourth Distributions in amounts estimated to be $318,500 and $175,000, respectively, subject to audit and approval by Lead Plaintiffs. Payment of the approved fees is conditioned upon the final resolution of the outstanding issues relating to the payment of fraudulent claims. Until such time, this approved fee payment will be held as part of the reserve to be established pursuant to Paragraph 11 of this Order. Payment of approved expenses is to be made upon approval of same by Lead Plaintiffs;

12.     The Court finds that the administration of the Settlement and the proposed final distribution and any subsequent redistribution of the Net Settlement Fund comply with the terms of the Stipulations and the Plan of Allocation, and that all persons other than Heffler involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (the "Released Parties"), are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they received or are

to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order and the prior Orders approving the Initial Distribution and the Second Distribution;

13. Payments may be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the income earned by the Settlement Fund while in escrow and to pay the reasonable and necessary costs of tax return preparation;

14. Heffler is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one year after the final distribution of the Net Settlement Fund, and electronic or magnetic media data not less than three years after such date;

15. Proofs of Claim received after the date of execution of the Bancroft Declaration (*i.e.*, March 22, 2010) may not be accepted for any reason whatsoever; and

16. This Court retains jurisdiction over any further application or matter that may arise in connection with this action.

DATED: _____, 2010

_____
WILLIAM H. WALLS
UNITED STATES DISTRICT JUDGE