IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------x
:
In re:                                       :   Master File No.
                                             :   98-1664 (WHW)
CENDANT CORPORATION                          :
LITIGATION                                   :   This document relates to:
                                             :   All Actions Except the Prides Action (No. 98-2819)
---------------------------------------------x

## JUDGMENT APPROVING SETTLEMENT BETWEEN LEAD PLAINTIFFS AND HEFFLER RADETICH & SAITTA, L.L.P.

On the 23rd day of April, 2013, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation") between Lead Plaintiffs, on behalf of themselves and the Class, and Heffler Radetich & Saitta, L.L.P. ("Heffler") are fair, reasonable and adequate for the settlement and disposition of any claims that could be asserted against Heffler in connection with the payment of Fraudulent Claims submitted in the Action; and (2) whether judgment should be entered approving the Settlement on the terms and conditions set forth in the Stipulation;

And it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all Class Members who cashed their Third Distribution checks and whose *pro rata* share of the Fourth Distribution was at least $10, i.e., those Class Members who, pursuant to prior orders of this Court have a continuing interest in the proceeds of the settlements achieved with defendants in the Action, and that notice of the hearing was published on the websites of Co-Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Heffler (on the pages of those websites pertaining to the Action);

And the Court, having considered all matters submitted to it at the hearing and otherwise having determined the fairness and reasonableness of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class Members. The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

2. "Released Claims" means any and all claims, actions and causes of action in law or equity, suits, obligations, debts, demands, agreements, promises, liabilities, controversies, damages, losses, attorneys' fees, costs or expenses of any kind whatsoever, whether based on common law or on any federal or state statute, rule, regulation, or other law or right of action, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued, suspected or unsuspected, fixed or contingent, and whether or not concealed or hidden, that Lead Plaintiffs or any Class Member have or may have against Heffler that are based upon, are related to, arise from, or are connected with the recommendation by Heffler for approval of the Fraudulent Claims and/or the payment by Heffler from the Cendant Class Settlement Fund of the Fraudulent Claims as well as all claims arising out of Heffler's role in the review, verification, calculation, tabulation or any other aspect of the processing of the claims in this Action, or other involvement in the administration or taxation of the Cendant Class Settlement Fund or the Net Cendant Class Settlement Fund.

3. "Released Parties" means Heffler, its parent entities, affiliates, subsidiaries, predecessors, successors or assigns, principals, general or limited partners or partnerships, and each of its past, present or future officers, principals, general or limited partners, directors,

associates, stockholders, controlling persons, representatives, employees, attorneys, agents, heirs, executors, trustees, personal representatives, estates or administrators.

4. "Released Parties' Claims" means any and all claims, actions and causes of action in law or equity, suits, obligations, debts, demands, agreements, promises, liabilities, controversies, damages, losses, attorneys' fees, costs or expenses of any kind whatsoever, whether based on common law or on any federal or state statute, rule, regulation, or other law or right of action, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued, suspected or unsuspected, fixed or contingent, and whether or not concealed or hidden, that Heffler and/or any other Released Party has or may have against Lead Plaintiffs (or any of them), any Class Member, Lead Counsel or any other plaintiff's counsel in the Action that are based upon, are related to, arise from, or are connected in any way with the Action, Heffler's engagement as claims administrator in the Action or the administration of the settlements in the Action, including the review, verification, calculation, tabulation or any other aspect of the processing of the claims in this Action, or other involvement in the administration or taxation of the Cendant Class Settlement Fund or the Net Cendant Class Settlement Fund.

5. Upon the Settlement becoming Final, Lead Plaintiffs and the Class, on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be deemed to have, and by operation of law and this Judgment shall have, fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and every Released Claim against any and all of the Released Parties.

6. Upon the Settlement becoming Final, Heffler and each of the other Released Parties on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be deemed to have, and by operation of law and by operation of this Judgment shall have,

fully, finally, and forever released, relinquished, discharged, and dismissed and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against any and all of the Lead Plaintiffs, the Class Members and all of their past, present, or future officers, directors, associates, stockholders, controlling persons, representatives, employees, attorneys, agents, heirs, executors, trustees, general or limited partners or partnerships, representatives, estates or administrators.

7. The Stipulation, this Judgment and any of their terms, and any agreement or order relating thereto, shall not be deemed to be, or offered by any Settling Party to be received in evidence in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever as, a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of Heffler or other Released Party; provided, however, that nothing contained in this section shall prevent this Judgment or the Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Judgment. The Stipulation or this Judgment may, however, be filed and used in other proceedings, where relevant, to demonstrate the fact of their existence and of this Settlement, including but not limited to Heffler's filing the Stipulation and/or this Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.  Exclusive jurisdiction is hereby retained over the Settling Parties and the Class Members for all matters relating to the Settlement, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

9.  The Court hereby finds that the notice of the Settlement provided to Class Members described herein provided due and adequate notice of the Settlement and satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and the requirements of due process. Due and adequate notice of the proceedings has been given to Class Members, and an opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. Due and adequate notice of the certification of the Class in the Action was given to members of the Class pursuant to the Order dated August 6, 1999, which provided, *inter alia*, for the Notice of Pendency of Class Action to be mailed to all members of the Class who could reasonably be identified, and the Court finds that such Notice of Pendency offered to members of the Class the opportunity to request to be excluded from the Class, if done so timely and properly. Thus, it is hereby determined that all members of the Class who did not elect to exclude themselves by written communication postmarked or delivered on or before December 27, 1999, as required in the Notice of Pendency and the Order of August 6, 1999, are bound by this Judgment.

10. Capitalized terms not otherwise defined herein shall have the meanings set forth in the Stipulation.

11. If the Effective Date of the Settlement does not occur or the Settlement does not become Final in accordance with its terms, the Settling Parties shall be restored to their respective positions as of November 20, 2008. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not

be used in the Action or in any other proceeding for any purpose, and this Judgment (and any other orders entered by the Court relating to the Settlement) shall be treated as vacated, *nunc pro tunc*. If the Effective Date does not occur, or the Settlement does not become Final, Heffler shall repay to the Cendant Class Settlement Fund any payments made to it with respect to the Current Payment, or fees with respect to the Third and/or Fourth Distributions as provided in the Stipulation.

12. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: 23 April, 2013

_____
WILLIAM H. WALLS, U.S.D.J.

#489676